Phillip Cole *et al.*

*v.*

John Hall, Collector.

*Filed at Ottawa May 12, 1882.*

1. Taxation—*license fee on dogs—not a tax.* The license fee imposed on the owners of dogs, under the act of 1879, entitled "An act to indemnify the owners of sheep in cases of damage committed by dogs," is in no sense a tax, and is therefore not within the constitutional provision that all needful revenue shall be raised by levying a tax by valuation. Such fee is imposed under the police power, and not under the taxing power of the State.

2. Police power of the State—*imposing license fee upon dogs.* Everything hurtful to the public interest is subject to the police power of the State, and may be brought within restraining and prohibiting influence. Therefore the act authorizing a license fee to be imposed upon and collected of the owners or keepers of dogs is not subject to any constitutional objection.

3. Statute—*expressing subject in the title—act concerning dogs.* The matter of imposing a license fee upon the owners or keepers of dogs is suf-

ficiently expressed in the title of the act entitled "An act to indemnify the owners of sheep in cases of damage committed by dogs."

Writ of Error to the Circuit Court of La Salle county; the Hon. Francis Goodspeed, Judge, presiding.

Mr. J. B. Rice, and Mr. Geo. W. W. Blake, for the plaintiffs in error.

Mr. L. W. Brewer, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

The bill in this case was brought by owners of dogs, resident in the town of Serena, against the collector of taxes for the town, and is to enjoin the collection of a "license fee" of one dollar on each dog owned by complainants, respectively, and which was imposed by the proper authorities under the act of May 29, 1879, entitled "An act to indemnify the owners of sheep in cases of damage committed by dogs." It is not questioned the statute has been complied with by the proper authorities in charging the "license fee" upon complainants for dogs owned by them, but the questions argued have exclusive reference to the constitutionality of the act under which it is sought to be imposed.

The "license fee" imposed under the provisions of the statute is in no sense a tax, and is not therefore within the operation of section 1, art. 9, of the constitution, which provides all needful revenue shall be raised by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to his, her or its property, and hence all questions as to the value of property to be taxed are of no consequence in this case. It is simply what it purports to be, a "license fee," and is imposed under the police power, and not under the taxing power of the State. Undoubtedly "dogs" are regarded as a species of property for some purposes, but owing to their habits, which are known to be hurt-

ful sometimes to persons and to some kinds of domestic animals, the keeping of them may be the subject of regulations provided by law. Everything hurtful to the public interest is subject to the police power of the State, and may be brought within its restraining or prohibitory influence, otherwise a public evil might exist, with no power to abate it. This ought not to be. It is known that "dogs" often impart a most fearful disease to persons injured by them, and that they are oftentimes destructive to domestic animals, such as sheep, and the State may well provide such regulations for the keeping of them as will insure safety, and may, with a view to effectuate that purpose, impose upon the owners or keepers either a license or a penalty. There is nothing in the constitution that forbids it.

As to the objection the matter of imposing a "license fee" upon the owners or keepers of dogs is not expressed in the title of the act, a majority of the court are of opinion it is sufficiently germane to the subject expressed as to be fairly embraced in it, and that, under the decision of this court in *Johnson* v. *The People*, 83 Ill. 431, answers the constitutional requirement in this regard.

It would seem it can make no difference what disposition is made of the "license fee" when collected. By the provisions of the act it is appropriated as indemnity to persons that have sustained damage done by dogs, other than their own, to sheep, and that would appear to be in the interest of justice and right. No better disposition could be made of it.

The demurrer to the bill was properly sustained, and the decree of the circuit court will be affirmed.

*Decree affirmed.*