# D. G. Ballard v. City of Chicago.

1. CITIES AND VILLAGES—*Power to License Trades, Professions, etc.*—*Taxes.*—When authorized by the legislature, city councils may impose licenses upon trades, professions, pursuits and callings and such impositions do not constitute a tax in the constitutional sense of the word.

2. SAME—*Licensing Stationary Engineers.*—The court holds the ordinance of the city of Chicago entitled " An ordinance for the examination and licensing of engineers of steam machinery and steam boilers in the city of Chicago " (passed July 6, 1892), valid, reasonable in its possessions and uniform in its application.

3. ERRORS—*Of Which the Appellant Can Not Complain.*—The impositions of a less fine than the law requires in a case where the only punishment is a fine, is not prejudicial to the person fined.

Debt, for the violation of an ordinance. Appeal from the Criminal Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

SULLIVAN & MCARDLE and P. L. MCARDLE, attorneys for appellant.

Although a license is not a tax still it is sometimes a source of revenue, and if this ordinance provides for a revenue it is invalid. Wiggins v. East St. Louis, 102 Ill. 560.

WILLIAM H. TATGE, FRANKLIN A. DENISON and OSCAR HEBEL, attorneys for appellee.

A license fee imposed by an ordinance, passed by the city council of cities, is not a tax, and it has been so held in the following cases : City of East St. Louis v. Wehrung, 46 Ill. 392; Cole v. Hall, collector, 103 Ill. 30; Braun v. City of Chicago, 110 Ill. 186.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of a fine of ten dollars imposed upon the appellant for a violation of the city ordinances concerning the licensing of engineers operating stationary steam engines within the city of Chicago.

The case was submitted to the court, without a jury, upon an agreed statement of facts, as follows :

"It is hereby stipulated and agreed, by and between the parties to the above entitled cause, by their respective attorneys, that the following stipulation may be filed as an agreed statement of the facts in this cause. The defendant, D. G. Ballard, is a citizen of the city of Chicago, county of Cook, and State of Illinois; he is by trade an engineer, operating a stationary engine, and has been such for over twenty years. He presented himself, and was examined by the board of engineers in the said city of Chicago, in accordance with the requirements of an ordinance for the examination and licensing engineers in charge of steam machinery and steam boilers in the city of Chicago, passed April 3, 1890, and an amendment to said ordinance, dated July 6, A. D. 1892. On or about the 26th day of March, A. D. 1891, a license was issued by the said board of examiners to the defendant, certifying his qualifications as an engineer. That each year thereafter, up to March 26, 1895, said license, or certificate to the defendant, was renewed by said board. The last license issued to the defendant was dated March 26, 1895, and by its terms ceased to be operative on the 28th day of March, A. D. 1896. All of said licenses were in the form, a copy of which is attached to this stipulation, and marked Exhibit " A." The defendant for each of the said licenses issued to him as aforesaid paid to said board the sum of $2, said sum of $2 being paid upon the renewal of said license. None of said certificates or licenses were or had been revoked. At the time this suit was commenced, on or about July 1, 1896, the defendant was engaged in his said trade or calling of an engineer; was in active charge of a stationary steam engine. The defendant did not then have a renewal of the license or certificate purporting to expire on the 26th day of March 1896, but refused to renew said license, stating at the time to an officer of said board that he had paid the last $2, he would ever pay the city, that he believed the law was not constitutional. The board of engineers would not grant a renewal of the license without the payment of the fee of $2.

That on the day the above suit was started, the defendant had no license except the one granted to him by the said board of engineers on the 26th day of March, A. D. 1895. This statement contains all the facts of said case and all the evidence except such ordinances as may be offered by either party."

The following are the abstracted portions of the ordinances that were offered in evidence by the appellee, except section one, which we set in full:

" Ordinance passed April 3, 1890.

Section 1. There shall be appointed by the mayor, with the consent of the council, a board of examiners (which shall consist of three members), of competent and practical engineers, good judges of construction of steam boilers and engines generally, and experienced in their operation and uses, whose duty it shall be to examine each applicant, in pursuance of rules and regulations of the ordinances, and if the applicant is found qualified the examining engineers shall sign a certificate of qualifications, which shall be delivered to such applicant, such certificate to expire one year from the date of issue.

Sec. 7. Board of Examiners to keep books, with names, etc., of all applicants, full amount of money received and that returned on rejected applications, to be balanced daily and result to be deposited daily with city comptroller.

Amended ordinance passed July 6, 1892.

Sec. 2. Board shall be furnished with quarters by commissioner of public works; shall hold daily sessions of such duration as may be deemed requisite, between the hours of 9 A. M. and 10 P. M. for the purpose of examining and determining the qualifications of applicants for licenses.

Sec. 3. The Board of Examiners, or a majority thereof, shall have power to examine into the qualifications of applicants to grant licenses, and, for cause, to suspend or revoke the same. Every application for a license must be made on the printed blanks furnished by the Board of Examiners, and that for an engineer must be accompanied by a fee of two ($2) dollars and that for a boiler or water tender must be accompanied by a fee of one ($1) dollar.

Sec. 4.  Prescribes qualifications required of applicant.

Sec. 5.  Empowers board to suspend or revoke license for certain causes.

Sec. 6.  License shall be signed by majority of board.

Sec. 8.  Provides for punishment of any member of board favoring any applicant and of any applicant who shall attempt to procure favors by unlawful means.

Sec. 9.  No steam engine or boiler subject to the provisions of this ordinance shall be used, managed or operated in the city of Chicago, except by an engineer or boiler or water tender as provided herein, and who shall have been duly licensed as provided herein, and who shall have and exhibit a certificate thereof.  Any person who shall take charge of or manage or operate any steam engine or boiler, or any portion of a steam plant in the city of Chicago without a proper and valid license, as provided by this ordinance, shall, for each and every offense, be subject to a fine of not less than twenty dollars nor more than fifty dollars, and any person, agent, firm, company or corporation owning or controlling any steam engine, boiler or other steam plant, who shall authorize or permit any person or persons without a proper and valid license as required herein to take charge of or to manage or to operate any steam engine or boiler or any portion of a steam plant, shall, for each and every offense, be subject to a fine of not less than fifty dollars nor more than two hundred dollars, and each day's violation of the terms of this ordinance, or any of them, shall constitute a separate offense.

Sec. 10.  Every plant in city of Chicago, must have a licensed engineer, whose qualifications shall be displayed in conspicious place in the boiler room.

Sec. 11.  Every engineer must make written report to board of examiners, in January and July each year, of condition of boilers or steam apparatus he is in charge of.

Sec. 12.  Exempts engineers in charge of locomotives and boilers for heating private dwellings from operation of ordinance.

Sec. 13.  Provides for paying salaries of officers of board

out of amount received in license fees, all balances to be paid over to the city of Chicago. Salary of secretary of board, to be $1,700 per year; each of the others $1,500.

Which was all the evidence offered or received on behalf of either party in above entitled cause."

Such ordinances were passed by the city council in pursuance of the power granted by the State, by an act entitled, "an act to insure the better protection of life and property from steam boiler explosions," approved June 3, 1889, (Hurd's Rev. Stat., 1895, Chap. 24, Secs. 439 and 440); and from a reading of said act it can not be doubted that the ordinances were within the power of the city council to adopt. Said section 439 expressly provides for the examination, licensing and regulation of stationary engineers by city councils, and for fixing "the amount, terms and manner of issuing licenses to such persons," and for making it unlawful for them to exercise their avocation without a license, and for providing a punishment for a breach of such provisions.

Various propositions of law to be held by the Criminal Court were submitted by the appellant, but were all refused. Those that are principally urged upon our consideration, are that the ordinance itself nowhere requires the payment of more than one license fee, his previous license never having been revoked; and that if the ordinance does require an annual payment of two dollars, it is invalid, because the city council had no power to raise a revenue in that way, no such power having been delegated to it.

It is among the agreed facts that the appellant presented himself to, and was examined by the Board of Engineers, and received his license, in 1891, and that each year thereafter, up to and including the year 1895, his license was renewed, and that for each of said licenses he paid the sum of two dollars, and that each license so issued to him was for the term of one year from its date, unless sooner revoked, and that none of said licenses were revoked.

The ordinance expressly provides that the certificate that shall issue to an applicant shall expire one year from its

date of issue.   It then becomes necessary for one who would continue to practice his profession as an engineer to again apply for a renewal of his license for another year, and the ordinance requires that such renewed application must be accompanied by a fee of two dollars.   This fee the appellant refused to pay in 1896, and he obtained no new license, and the fine in question was imposed because he was actively engaged as an engineer without having a license.

The term for which appellant's last license was issued having expired, there was no need for the city to revoke it in order to render appellant subject to prosecution.   Section 9 of the ordinance expressly provides that any person who shall operate a steam engine without a license shall be subject to fine; and appellant having no license that was in force, his having expired by its own limitation, and he having refused to renew it, he was properly held to be subject to fine.

We see nothing in the record to justify the argument that is attempted in appellant's behalf, that the ordinance is invalid if it requires the payment of two dollars annually, because the city council had no power to pass a law for the purpose of raising revenue in such a way.

There does not seem to be in the ordinance any attempt to provide for revenue or for a source of revenue.

The object on the part of both the State and the city is the commendable one of affording protection to life and property.

When authorized by the legislature, city councils may impose licenses upon trades, professions, pursuits and callings, and such impositions do not constitute a tax in the constitutional sense of that word.   Braun v. City of Chicago, 110 Ill. 186; Cole v. Hall, 103 Ill. 30.

The ordinance in question is a reasonable one, and is uniform in its application to all engineers of the class of appellant.   One year is a reasonable time for the duration of a license, and is the usual one, and two dollars is a reasonable sum for the fee.

It is reasonably apparent that the fee required is no more

than sufficient to maintain the system adopted by the ordinance and to make it effectual, and that it is not a source of revenue to the city either actual or intended.

Appellant asks: "Why not two dollars each half year, or each month?" The answer is to be had in asking whether such would or not be reasonable. He insists that the one payment of two dollars shall cover the period of an engineer's lifetime, and would have us so say. While the record does not contain facts to base an opinion upon in that record, we are impressed that such a fee would be wholly inadequate to maintain a system of so much importance to the safety of persons and property in a great and industrious city.

The system and the intention of the law is in the direction of safety to life and property, and the ordinance and regulations being lawful, reasonable and uniform, should be upheld.

The appellant urges that the judgment is a nullity because the fine was for but ten dollars, when, by the ordinance, the minimum prescribed fine is twenty dollars.

The imposition of a less fine than the law requires, in a case where the only punishment is a fine, is not prejudicial to the appellant. Harrod v. Dinsmore, 127 Ind. 338.

Upon the record, we think the ordinance is valid, and that appellant was clearly guilty of a violation of it, and that the judgment should be affirmed.