THE CITY OF PAXTON, Appellee, *vs.* J. E. FITZSIMMONS,
Appellant.

*Opinion filed February 23, 1912.*

1. MUNICIPAL CORPORATIONS—*object of laws imposing tax on
dogs is regulation.* The object of statutes and ordinances authorizing
or imposing a tax on dogs is regulation and not revenue, and,
being for regulation, such statutes and ordinances are authorized
by the police power and are not within constitutional provisions
relating to taxation for revenue.

2. SAME—*an ordinance imposing "tax or fee" on dogs is not invalid.*
An ordinance imposing "a tax or fee of two dollars for
each male dog and five dollars for each female dog" is not in violation
of the constitutional provisions relating to taxation for
revenue; and it makes no difference whether the sum to be paid
is called a tax, license or fee, or whether the ordinance makes any
provision for disposing of the fund so collected.

APPEAL from the Circuit Court of Ford county; the
Hon. T. M. HARRIS, Judge, presiding.

C. E. BEACH, for appellant.

S. LUDLOW, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of debt, brought in the circuit court
of Ford county to recover a penalty for the alleged violation
of an ordinance of the city of Paxton. The ordinance
set out in the declaration required the owners and keepers
of dogs to pay to the city marshal "a tax or fee of two
dollars for each male dog and five dollars for each female
dog." The ordinance also required the owner or keeper of
the dog to register it at the office of the city marshal, and
prescribed a penalty of not less than three dollars nor more
than ten dollars for its violation. The declaration, after
setting out the ordinance, charged the defendant was the
owner or keeper of a female dog within the corporate lim-

its of the city of Paxton, and that he had not paid to the marshal the tax or fee required nor caused the dog to be registered in the office of the city marshal, whereby an action had accrued, etc. A demurrer to the declaration, setting out as special causes the unconstitutionality of the ordinance, was overruled. The defendant elected to stand by his demurrer and refused to plead. It was stipulated that the defendant was the owner of the dog, as alleged; that he had not paid the tax or fee on said dog; that the ordinance set out in the declaration had been duly passed, signed by the mayor and published. The court rendered judgment against the defendant and assessed the plaintiff's damages at five dollars. Defendant prayed an appeal, and on the certificate of the court that the validity of a municipal ordinance was involved and that the public interest required the appeal to be prosecuted direct to the Supreme Court, the appeal was brought direct to this court.

The principal argument made against the validity of the ordinance is that a dog is property, and that the ordinance is in violation of section 1 of article 9 of the constitution, which provides for raising revenue by levying a tax by valuation, so that every person "shall pay a tax in proportion to the value of his, her or its property;" also in violation of sections 9 and 10 of said article 9 of the constitution, which require that taxes levied by the corporate authorities shall be uniform in respect to persons and property.

Clause 80, section 1, article 5, of the Cities and Villages act, confers power upon the city council in cities and the president and board of trustees in villages "to regulate, restrain and prohibit the running at large of horses, cattle, swine, sheep, goats, geese and dogs, and to impose a tax on dogs." It is true, dogs are regarded, in law, as property, but they stand on a different basis from other domestic animals and have always been subject to control and regulation by the exercise of the police power. Statutes and ordinances imposing a tax or license on dogs have been

almost uniformly held to be within the police power of the State and not governed by constitutional provisions relating to taxation for revenue. Ordinances prohibiting dogs from running at large and authorizing the killing of any dog found running at large in violation of an ordinance have been sustained as a valid exercise of the police power and not violative of any constitutional provision. The object of statutes and ordinances for the imposition of a tax or license on dogs is regulation, and not revenue. In *Carthage* v. *Rhodes*, 101 Mo. 175, the court passed upon the validity of an ordinance requiring the licensing of dogs and cats and providing for their being impounded or destroyed if found running at large. The validity of the ordinance was sustained. The court said: "Taxation may be for the purpose of raising revenue or for the purpose of regulation. Where for the purpose of regulation, it is an exercise of the police power of the State. They are both distinct, co-existent powers in the State, and either or both may be exercised through a municipal corporation. In this case, by the terms of the charter both powers are granted to the city of Carthage as to the dogs of that city. The dog-license tax required by its ordinance is easily referable to the exercise of the police power."

In *VanHorn* v. *People*, 46 Mich. 183, (41 Am. Rep. 159,) the constitutionality of a statute imposing a tax on dogs was before the court. It was claimed the statute violated the constitutional provision for uniformity and the taxation of property according to its value. The court held the statute was not an emanation from the taxing power within the meaning of the constitution; that it was not for revenue, but was a species of legislation pertaining to the police power of the State.

In *State* v. *City of Topeka*, 36 Kan. 76, (59 Am. Rep. 529,) the court considered an ordinance passed pursuant to power conferred by act of the legislature, which required the registration of dogs and the payment of a tax of two

dollars for males and five dollars for females. In that case it was contended the ordinance was in conflict with the constitution, which required taxes to be levied at a uniform and an equal rate. The court held the ordinance was valid; that the tax was not for the purpose of raising revenue but for the purpose of regulation and restriction.

In *Holst* v. *Roe,* 39 Ohio St. 340, (48 Am. Rep. 459,) the court construed the validity of a statute which required dogs over three months old to be listed by the owner without any valuation, but the owner might, if he desired, fix a valuation without swearing to it. The statute further provided that in addition to the tax on the valuation that might be fixed by the owner an additional tax of one dollar on each dog should be levied by the auditor. The court held the statute was a valid exercise of the police power and was not controlled by the constitutional provisions relating to taxation for revenue.

In *Sentell* v. *New Orleans and Carrollton Railroad Co.* 166 U. S. 698, the Supreme Court of the United States considered the validity of a statute of the State of Louisiana which declared that dogs were personal property and entitled to the same guaranties of law as other personal property, provided they were given in by the owner to the assessor, and unless so listed with the assessor and placed upon the assessment roll no dog was entitled to the protection of the law. The statute further provided that in civil actions for killing or injuring a dog the owner could not recover beyond the value of the dog as fixed by himself in the last assessment. The statute was held valid, and a number of cases are cited and quoted from in the opinion. Among the cases cited with approval is *Ex parte Cooper,* 3 Tex. App. 489. The Supreme Court says: "In *Ex parte Cooper,* 3 Tex. App. 489, it was held that dogs were not property within the tax clause of the constitution, and that a tax upon dogs was a police regulation and a legitimate

exercise of the police power. The point was made that dogs, being property, should, under the constitution, be taxed *ad valorem,* as other property was, but it was held that the law was not a tax law in its ordinary sense, but a police regulation."

In *Cole* v. *Hall,* 103 Ill. 30, owners of dogs filed a bill to enjoin the collector of taxes from collecting a license fee of one dollar on each dog owned by them, which was imposed under the act of 1879, entitled "An act to indemnify the owners of sheep in cases of damage committed by dogs." This tax is called in the act "a license fee." The court held the act valid as an exercise of the police power, and that the license fee was not a tax within the meaning of the section of the constitution providing for the raising of revenue by levying a tax so that every person shall pay the tax in proportion to his or her property.

Appellant contends the *Cole case* has no application to the ordinance before us, because it was held in *Wiggins Ferry Co.* v. *City of East St. Louis,* 102 Ill. 560, that there is a difference between a tax and a license, and that the constitutional provision in reference to taxation has no application to fees exacted for a license. It is claimed the exaction imposed by the ordinance before us is not a license fee but is a tax. The ordinance calls it "a tax or fee." But we think it immaterial, when imposed for regulation and restriction under the police power of the State, whether it is called a license, a fee or a tax. This is sustained by the authorities above cited.

Appellant also contends that there is a material difference between the statute authorizing a tax or license fee against dogs and the ordinance before us. The difference pointed out is, that the statute requires the money collected from the dog tax or license fees to be applied to the reimbursement of persons whose sheep have been killed or injured by dogs running at large, while the ordinance makes no provision for the application of the fund collected under

it. In *Cole* v. *Hall, supra,* the court held what disposition was to be made of the fund, when collected, could not affect the validity of the statute, and the same rule is applicable to the ordinance.

The demurrer was properly overruled, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*