FRANK J. BURNS *et al.* Appellees, *vs.* THE ILLINOIS CEN-
TRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1913.*

1. APPEALS AND ERRORS—*what necessary to give the Supreme
Court jurisdiction on ground that a constitutional question is in-
volved.* To give the Supreme Court jurisdiction upon the ground
that a constitutional question is involved such question must really
exist and be presented in the case and be one which has not been
previously settled.

2. SAME—*when constitutional question is not involved.* A con-
stitutional question is not involved unless there is a debatable ques-
tion as to the validity of the statute attacked, and after such ques-
tion has been once presented to the Supreme Court and considered
and decided it cannot be said to be debatable.

3. SAME—*when the Supreme Court will not assume jurisdic-
tion of a direct appeal.* If it appears that the only constitutional
question involved has been settled and is no longer open to doubt
or debate, the Supreme Court will not assume jurisdiction of the
appeal merely to refer to its former decisions.

4. CONSTITUTIONAL LAW—*validity of Attorney's Lien law is not
a debatable question.* The validity of the Attorney's Lien law was
determined in the case of *Standidge* v. *Chicago Railways Co.* 254
Ill. 524, and is no longer a debatable question.

APPEAL from the Circuit Court of Kankakee county;
the Hon. CHARLES B. CAMPBELL, Judge, presiding.

HUNTER & SCHNEIDER, (JOHN G. DRENNAN, of coun-
sel,) for appellant.

FRANK J. BURNS, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

A suit was brought by Joseph Lococo against the Illi-
nois Central Railroad Company to recover damages for
personal injury. A verdict and judgment for $600 were
recovered and the amount has been paid. Lococo was un-
der twenty-one years of age, and it appears that the amount
of the verdict was in pursuance of a compromise agreement

which had before that time been entered into with Lococo through his next friend, and that the suit was commenced and verdict rendered because the plaintiff, being a minor, did not have the capacity to bind himself by a settlement out of court. Savary & Ruel filed the declaration and represented Lococo in the court proceedings. Afterwards Frank J. Burns and James T. Burns, another law firm doing business as Burns & Burns, claiming that they had been employed to represent Lococo, filed a petition in the circuit court of Kankakee county against the Illinois Central Railroad Company for the purpose of establishing a lien against said company for their fees under the Attorney's Lien law. The court, upon a hearing of the petition, rendered judgment in favor of the petitioners for $200. The railroad company prayed for and obtained an appeal direct to this court.

Among other errors assigned is one questioning the validity of the Attorney's Lien law. In the brief and argument filed there is some criticism of said law, and an argument is submitted as to how it should be construed. If this court has jurisdiction of this cause by direct appeal it is because the constitutionality of the Attorney's Lien law of 1909 is directly involved. To give this court jurisdiction of an appeal directly from the trial court on the ground that a constitutional question is involved, such question must really exist and be presented in the case and one that has not been previously settled. It is not enough merely to assign an error that a law is unconstitutional or to present such question in an argument when such question has been previously settled by this court. (*City of Virden* v. *Allan,* 107 Ill. 505.) A constitutional question cannot be said to be involved unless there is a debatable question as to the validity of the statute, and a question cannot be said to be debatable after it has been once presented to this court, considered and decided. (*Beach* v. *Peabody,* 188 Ill. 75; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633.)

Where this court can see that the constitutional question raised has been settled and is no longer open to doubt or debate, we will not assume jurisdiction of a direct appeal merely for the purpose of referring to our former decision. (*Boylan* v. *Chicago Title and Trust Co.* 240 Ill. 413.)    In the late case of *Standidge* v. *Chicago Railways Co.* 254 Ill. 524, the validity of the Attorney's Lien law was presented to this court and determined.    So far as the jurisdictional question is concerned, appellant's brief is merely an invitation to this court to re-trace its steps and overrule the *Standidge case.*

This court has no jurisdiction of this appeal.    There being no debatable constitutional question involved in this case this court is without jurisdiction.    The appeal should have gone to the Appellate Court.

The clerk of this court will transfer the record to the Appellate Court for the Second District.

                                    *Appeal transferred.*