The People of the State of Illinois, Defendant in Error, v. William B. Goodman, impleaded with Albert F. Campbell, Plaintiff in Error.

Gen. No. 27,508.

1. LARCENY—*when conviction of petit larceny sustainable under indictment charging offenses of higher degree.* A conviction of petit larceny with sentence to the House of Correction is proper under an indictment consisting of four counts charging defendant in respective counts with larceny of property of the value of $600, with having received such property knowing it to have been stolen, and with burglary in two counts, where, after the State waived the felony, defendant pleaded not guilty and was found guilty and the property was found to be of the value of $15, since the first two counts charge the offense of petit larceny where the value is $15 or less.

2. LARCENY—*jurisdiction of court to try case without jury.* The Act of June 17, 1893, Cahill's Ill. St. ch. 38, ¶ 780, providing that no person shall be imprisoned for nonpayment of a fine in any criminal case except upon conviction by a jury, having been declared unconstitutional, a person charged with felonious larceny and burglary may be tried by the court without a jury of petit larceny, where the State waives the felony and the court finds the value of the property stolen to be $15.

3. CRIMINAL PROCEDURE—*failure to inflict full punishment required by law is not error.* A defendant convicted of petit larceny cannot assign it as error that he was sentenced to imprisonment only although the statute under which he was convicted provides for punishment by both fine and imprisonment.

Error by defendant to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed April 11, 1923. Rehearing denied April 26, 1923.

ISADORE GOODMAN, for plaintiff in error.

ROBERT E. CROWE, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

An indictment was returned by the grand jury of Cook county against the defendant consisting of four counts. The first count charged the defendant with larceny of certain bottles of whisky, gin and champagne of a certain value, the aggregate of which was about $600. By the second count the defendant was charged with the crime of receiving this property knowing the same to be stolen. The third and fourth counts charged that the defendant had committed the crime of burglary, one count with entering forcibly a dwelling house, and the other with entering the same dwelling house without force. On the trial the State's Attorney waived the felony. The defendant entered a plea of not guilty to petit larceny and the matter was submitted to the court. The court heard the evidence, found the defendant guilty of petit larceny and the value of the property to be $15, and sentenced the defendant to six months in the House of Correction. No brief has been filed in this court on behalf of the People.

1. The defendant contends that there was no charge of petit larceny in the indictment and the plea of not guilty to that charge was not responsive; that when the State waived the felony there was no charge remaining in the indictment. We think this is a misapprehension. If the evidence showed that the defendant was guilty of the charge made in the first count and the property was worth $15 or less, he would be guilty of petit larceny and could be sentenced to the House of Correction for a period of time not exceeding one year and fined not exceeding $100. Paragraph 3793, ch. 38, 2 J. & A. Annot. Stat. [Cahill's Ill. St. ch. 38, ¶ 382.] Likewise under the second count of the indictment, if the value of the property did not exceed $15, and the charge made in that count was proven, the defendant might properly be fined not exceeding $1,000 and confined in the county jail for a period not exceeding one year. Paragraph 3892, ch.

38, 2 J. & A. Annot. Stat. [Cahill's Ill. St. ch. 38, ¶ 507.] In other words, after the felony was waived in these two counts they would still be sufficient to support a conviction for a misdemeanor.

2. But the defendant contends that the court was without jurisdiction to try the case without a jury because the Act of June 17, 1893 (paragraph 128, ch. 110, Hurd's Rev. St. 1919) [Cahill's Ill. St. ch. 38, ¶ 780], provides that no person shall be imprisoned for non-payment of a fine in any criminal case except upon conviction by a jury. This statute has been declared unconstitutional. *Sturges & Burn Mfg. Co. v. Pastel*, 301 Ill. 253; *People v. Fisher*, 303 Ill. 434.

3. The defendant further contends that the sentence and judgment of the court is erroneous because the statute provides that any person found guilty of the larceny of property of the value of $15 or less, and who is sentenced to imprisonment, must in addition thereto be fined; that the judgment must follow the statute. The statute which is authority for the imposition of the sentence in the instant case provides that where the property stolen is of the value of $15 or less, the person convicted shall be confined in the county jail or sentenced to labor in the workhouse of the county for a period of time "not exceeding one year, and fined not exceeding $100." The contention of the defendant seems to be sustained in the cases of *Harman v. United States*, 50 Fed. 921, and *Woodruff v. United States*, 58 Fed. 766, cited by his counsel. This seems to be the rule in the federal courts, but in this State it has been held that where in a criminal case the punishment is not of a different kind from that which the statute prescribes, the defendant cannot assign error on the judgment which is in his favor. *McQuoid v. People*, 8 Ill. 76; *People v. Michael*, 280 Ill. 11; *Harmison v. City of Lewistown*, 153 Ill. 313; *Ballard v. City of Chicago*, 69 Ill. App. 638.

In the *McQuoid* case the indictment was for resist-

ing an officer.  Upon a trial the defendant was found guilty and a fine of $20 imposed.  It was contended that the judgment was wrong because the statute under which the accused was convicted provided for a fine and imprisonment.  The statute there provided that every person found guilty "shall be fined in any sum not exceeding $500, and imprisonment for a term not exceeding one year."  The court held that the defendant could not take advantage of the failure of the trial court to sentence him to imprisonment, and said (p. 80) : "In the last error assigned, the plaintiff contends that he is injured by the judgment of the circuit court, because he was not imprisoned as well as fined, according to the provisions of the statute, under which he was convicted.  If we were satisfied that a defendant, in a criminal prosecution, could assign for error a decision or order of the circuit court most manifestly in his favor, we should, if we had under the law, the power to do so, feel inclined, upon this assignment, to reverse the judgment and remand the cause, with directions to that court to proceed according to the letter of the statute, to add imprisonment to the plaintiff's punishment.  But we are of the opinion that this omission of the court to perform the whole duty which the law requires, being in the plaintiff's favor, and for his benefit, cannot be assigned for error.  Had the court inflicted any different punishment than that prescribed by law, whether more or less advantageous to the plaintiff, the judgment would have been erroneous.  In this case, so far as it extends, the sentence of the court pursues the law.  Properly, the plaintiff should have been imprisoned as well as fined.  No imprisonment is imposed upon the plaintiff. It is singular, that with him it should be a matter of complaint."    In the *Michael* case the indictment charged the defendant with the crime of bigamy.  He was convicted and sentenced to an indeterminate term in the penitentiary.  The court said (p. 12) : "The

punishment for bigamy is imprisonment in the penitentiary from one to five years and a fine not exceeding $1,000. By their verdict the jury found plaintiff in error guilty of bigamy in manner and form as charged in the indictment but did not fix or impose any fine. The court sentenced him to an indeterminate term in the penitentiary. It is insisted this was error. Conceding it was, it was error favorable to the plaintiff in error, of which he cannot complain. *Harmison v. City of Lewistown,* 153 Ill. 313; *McQuoid v. People,* 3 Gilm. (8 Ill.) 76." Under these authorities, the fact that a fine was not imposed on the defendant in addition to the sentence of imprisonment is in his favor and he cannot complain.

The judgment of the criminal court of Cook county is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.