(No. 17912.—Cause transferred.)

Alice Brundege, Admx., Appellee, *vs.* The Chicago, Burlington and Quincy Railroad Company, Appellant.

*Opinion filed December 23, 1926.*

1. Negligence—*State laws are superseded by Federal Employers' Liability act.* By the enactment of the Federal Employers' Liability act Congress has occupied the field covering the employer's liability for injuries to employees in interstate transportation by rail and has thereby superseded all State laws on the subject.

2. Same—*liability under the Federal Employers' Liability act is governed by common law rules of negligence.* The negligence which must be established in order to recover under the Federal Employers' Liability act must be such acts of commission or omission as would by the rule of the common law be sufficient to entitle the case to be submitted to a jury.

3. Appeals and errors—*validity of municipal ordinance does not authorize direct appeal in action under Federal Employers' Liability act.* As the rights and liabilities of the parties in an action under the Federal Employers' Liability act arise out of and depend upon the act and the rules of the common law as interpreted by the Federal courts, and as those rights and liabilities cannot be enlarged or impaired by a State statute or municipal ordinance, the question of the validity of a municipal ordinance as to the speed of trains is not relevant to the issues and does not authorize a direct appeal to the Supreme Court.

Appeal from the Circuit Court of Bureau county; the Hon. Joe A. Davis, Judge, presiding.

Cairo A. Trimble, and Perry D. Trimble, (J. A. Connell, of counsel,) for appellant.

L. A. ZEARING, and J. L. SPAULDING, (GEORGE W. HUNT, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an action under the Federal Employers' Liability act, brought by appellee against appellant to recover damages for the death of her intestate, Melvin J. Brundege, who was struck and killed by one of appellant's trains while working for it at its Fifth avenue station, in LaGrange. The case was submitted to the jury on a declaration containing seven counts, all of which charged that appellant and Brundege were engaged in interstate commerce. The first, second, fourth and fifth counts charged that the train was operated at a negligent and dangerous rate of speed, the third count charged failure to provide a safe place in which to work, and the seventh and eighth counts set out an ordinance of the village of LaGrange which prohibits the running of trains through the village at a greater rate of speed than ten miles an hour, and charged that the train which struck and killed Brundege was running fifty miles an hour at the time it struck him. A plea of general issue was filed and a hearing had. There was a general verdict of guilty and an appeal prayed from the judgment entered thereon to the Appellate Court for the Second District. Objection was made to allowing the appeal to the Appellate Court for the reason that the validity of a municipal ordinance was involved. The court incorporated in the record a certificate that the validity of a municipal ordinance was involved and that in its opinion the public interest required that the appeal be taken directly to the Supreme Court. Such an appeal was accordingly perfected.

Appellant contends that the ordinance of the village of LaGrange limiting the rate of speed of trains is not applicable to this cause of action, which is based upon the Federal Employers' Liability act, and that the validity of

the ordinance is not involved for the reason that it is not relevant to any issue in the case. If this contention is sound the cause must be transferred to the Appellate Court. *Village of Lake Zurich* v. *Deschauer,* 310 Ill. 209.

By the enactment of the Federal Employers' Liability act Congress has occupied the field covering the employer's liability for injuries to employees in interstate transportation by rail and has thereby superseded all law of this State on that subject. (*Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356.) One of the reasons for the legislation was to render uniform throughout the nation the law governing liability for personal injuries by interstate carriers arising out of the relation of master and servant. (*New York Central Railroad Co.* v. *Winfield,* 244 U. S. 147, L. R. A. 1918C, 439; *Mondou* v. *New York, New Haven and Hartford Railroad Co.* 223 U. S. 1, 32 Sup. Ct. 169.) In proceedings under this act rights and obligations of the parties depend upon it and applicable principles of common law as interpreted and applied in Federal courts. (*New Orleans and Northeastern Railroad Co.* v. *Harris,* 247 U. S. 367, 38 Sup. Ct. 535.) The negligence which must be established in order to recover under the act must be such acts of commission or omission as would by the rule of the common law be sufficient to entitle the case to be submitted to a jury. (*Hatch* v. *Portland Terminal Co.* 125 Me. 96, 131 Atl. 5; *Western Maryland Railway Co.* v. *Sanner,* 130 Md. 581, 101 Atl. 587.) The rights and liabilities of the parties arose out of and depended upon this Federal law and could not be enlarged or impaired by a State statute or municipal ordinance. (*Robins Dry Dock and Repair Co.* v. *Dahl,* 266 U. S. 449, 45 Sup. Ct. 157; *New York Central and Hudson River Railroad Co.* v. *Tonsellito,* 244 U. S. 360, 37 Sup. Ct. 620; *Seaboard Airline Railway* v. *Horton,* 233 U. S. 492, 34 Sup. Ct. 635; *St. Louis, Iron Mountain and Southern Railroad Co.* v. *Steel,* 129 Ark. 520, 197 S. W. 288.) The speed ordinance of the village of

LaGrange is not relevant to the issues in this case, (*McLain v. Chicago Great Western Railroad Co.* 140 Minn. 35, 167 N. W. 348, 12 A. L. R. 688,) therefore its validity is not involved.

There being no question which gives this court jurisdiction to determine this cause and errors having been assigned of which the Appellate Court does have jurisdiction, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*