(No. 19744.

ALICE K. BACCUS, Plaintiff in Error, *vs.* N. O. GUNDERSON *et al.* Defendants in Error.

*Opinion filed February 21, 1930.*

FREDERICK A. BANGS, for plaintiff in error.

DAVID D. MADDEN, Corporation Counsel, and GEORGE T. LIDDELL, City Attorney, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case must be transferred to the Appellate Court for the Second District because the record shows no right to a writ of error from this court to the circuit court of Winnebago county, in which judgment was rendered for the defendant. The action was trespass on the case for the unlawful quarantine and detention of the plaintiff, for libel, slander, false imprisonment, assault and battery and trespass *quare clausum fregit.* The action was brought against N. O. Gunderson and Rudolph Kjellquist, who were the health commissioner and the assistant health commissioner of the city of Rockford, and was tried by a jury. At the close of the evidence the plaintiff dismissed the suit as to Kjellquist. A verdict of not guilty was returned, upon which judgment was rendered. In the bill of exceptions the court certifies that the unconstitutionality and invalidity of section 2 of "An act to create and establish a board of health in the State of Illinois" under the State and Federal constitutions, and especially the following part of such statute, "It shall be the duty of all local boards of health, health authorities and officers, police officers, sheriffs, constables and all other officers and employees of the State or any county, village, city or township thereof, to enforce the rules and regulations that may be adopted by the State Board of Health," was raised by plaintiff upon the trial and the argument of the motion for a new trial and was argued by counsel. The trial judge also certified that the validity of a municipal ordinance and of rules and regulations of the Illinois Department of Public Health is involved, and that in his opinion public interest requires that the appeal or writ of error

should be taken directly to the Supreme Court. The plaintiff sued out a writ of error from this court.

The declaration consisted of nine counts, to which demurrers were filed and overruled. The first charged libel in the use of the words, "Small-pox exposure quarantine. Keep out," contained on a notice posted by Gunderson on the door of the house occupied by the plaintiff as her home. The second and ninth counts each charged libel by publishing in a newspaper of Rockford, in substance, that the plaintiff had been exposed to small-pox and was a person to be shunned. The third charged slander, consisting of the statement that the plaintiff had been exposed to small-pox and was a person to be avoided and dangerous to be associated with. The fourth and fifth counts charged assault and battery, the sixth and seventh assault and imprisonment, and the eighth trespass *quare clausum fregit*. The defendants pleaded the general issue and filed special pleas to the various counts, justifying the placarding of the plaintiff's home because William H. Baccus, Jr., a child of the plaintiff, residing with her, had been exposed to small-pox and was not immune to small-pox because of a previous attack or a successful vaccination within five years, and the defendants, as agents of the Illinois Department of Public Health, placed a warning card on the house where the plaintiff resided, containing the words, "Small-pox exposure quarantine. Keep out," pursuant to the statutes of the State and regulations promulgated by the Illinois Department of Public Health, and instructed the plaintiff that under the rules promulgated by the Illinois Department of Public Health she should not leave the premises until the warning was removed. The fourth special plea, which was filed to the first and second counts only, and the fifth special plea, which was filed to the third, fifth and sixth counts only, stated further that there existed in the city of Rockford, by virtue of an ordinance duly passed and recorded, a board of health, consisting of

the mayor, the chief of police and a commissioner of health appointed by the mayor by and with the consent of the council; that said board of health was composed of J. Herman Hollstrom, mayor, A. E. Bargren, chief of police, and N. O. Gunderson, commissioner of health, and that Kjellquist was assistant commissioner; and the pleas justified the posting of the warning, and the actions taken relating thereto, as official acts, as well as authorized by the statute and the rules and regulations of the Illinois Department of Public Health. The plaintiff filed replications, concluding to the country to all pleas.

The validity of no municipal ordinance is involved. The ordinance under which Gunderson and Kjellquist became, respectively, health commissioner and assistant, was as follows:

"Section 1. The department of health in and for the city of Rockford shall consist of an officer to be known as and styled 'Commissioner of Health,' together with the mayor and chief of police, the last two of whom shall be *ex-officio* members of said department of health, and shall constitute an advisory board to act with said commissioner of health in the exercise of the powers and performance of the duties hereinafter specified.

"Sec. 2. The said commissioner of health shall be a resident of said city holding a physician's State certificate, and shall be educated in sanitary science and in the nature of the causes of disease and the methods of its prevention; and he shall be appointed by the mayor, by and with the advice of the city council, at the first regular meeting of such council following the third Tuesday of April of each and every year; and he shall hold the office for the term of one year, and in all cases until his successor shall be appointed.

"Sec. 18. It shall be the duty of every officer of said city to aid and assist the commissioner of health in enforc-

ing the provisions of this chapter and all rules and regulations of the department of health made by virtue thereof."

No ordinance either establishing a board of health or prescribing the duties of the department of health of the city is in evidence. Such a department of health as the ordinance contemplated was not a board of health and could not exercise the authority to determine when a citizen had or had not been exposed to small-pox, which was a prerequisite to action to prevent the spread of small-pox. The ordinance quoted does not attempt to delegate to the department of health or the health commissioner any authority which should be delegated to a board of health and has no application to the issues in this case. Where a municipal ordinance is not relevant to the issues in a case its validity cannot be involved. (*Brundege* v. *Chicago, Burlington and Quincy Railroad Co.* 324 Ill. 74.) No constitutional question was involved in determining the application of the ordinance.

The twelfth assignment of error is as follows: "The court erred in not holding the act of the legislature entitled, 'An act to create and establish a board of health in the State of Illinois,' and especially that part thereof appearing in section 2 of said act in words as follows, 'It shall be the duty of all local boards of health, health authorities and officers, police officers, sheriffs, constables and all other officers and employees of the State or any county, village, city or township thereof, to enforce the rules and regulations that may be adopted by the State Board of Health,' was unconstitutional under the constitution of the State of Illinois and the constitution of the United States of America."

A constitutional question does not arise by the mere assignment of error or by argument. Before this court can take jurisdiction of a direct appeal from a trial court on the ground that a constitutional question is involved, the constitutional question must really exist and must be pre-

sented by the case. The question must be one which is fairly debatable or it is insufficient to confer jurisdiction. (*Burns* v. *Illinois Central Railroad Co.* 258 Ill. 302; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633; *Beach* v. *Peabody,* 188 id. 75.) Counsel for the plaintiff in error does not really argue that the statute is unconstitutional. He insists that the correct doctrine is announced in *Potson* v. *City of Chicago,* 304 Ill. 222, in this statement: "General authority is given to regulate the police, to pass and enforce all necessary police ordinances, and to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease, and these general powers may be called into exercise to make effective the powers expressly given, but they are limited to that object." The statement in *People* v. *Robertson,* 302 Ill. 422, which counsel for the plaintiff in error also quotes, is exactly in point and disposes of this alleged constitutional question: "The health commissioner of Chicago is purely a ministerial officer and has no legislative powers whatever. The statute gives to no such individual authority to make rules and regulations which shall have the effect of law. The city has no right to give him authority to determine when a contagious and infectious disease exists and to establish a quarantine. His authority is limited to carrying into execution proper orders of a legally constituted board of health."

It is argued that the rules of the Illinois Department of Public Health, received in evidence over plaintiff in error's objection, are unreasonable, arbitrary and indefinite, but this is no ground for appellate jurisdiction of this court. The certificate of the trial court affords no ground for a direct appeal, for these rules are not municipal ordinances.

The cause is transferred to the Appellate Court for the Second District.                    *Cause transferred.*