(Nos. 19925, 19926.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES FORSYTH *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1930—Rehearing denied June 6, 1930.*

JOHN F. BOLTON, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Informations were filed in the municipal court of Chicago against James Forsyth and Simon Gorman, charging each with carrying concealed upon his person a pistol, re-

volver or other fire-arm in violation of section 4 of the act entitled "An act to revise the law in relation to deadly weapons," (Laws of 1925, pp. 339, 340; Cahill's Stat. 1927, p. 882; Smith's Stat. 1927, p. 943). Upon a joint trial. without a jury, each defendant was found guilty and sentenced to imprisonment in the house of correction for one year and fined $200 and costs. A writ of error was sued out of this court because, it is asserted, the plaintiffs in error were denied the constitutional right to be represented by counsel.

The record shows that on May 17, 1929, when arraigned, both plaintiffs in error were present in person and by counsel; that Forsyth pleaded guilty and waived a jury; that Gorman pleaded not guilty and waived a jury, and that the trials of the defendants were postponed until May 21. The clerk who entered the orders on May 17, died later the same day. On May 21 the trials were postponed until June 4 and on that day the trials took place, the judgments were rendered and the sentences pronounced.

The record of the proceedings in the municipal court in each case recites that on June 4, 1929, the People were represented by the State's attorney; that the plaintiff in error was present in person and represented by counsel; that the testimony of witnesses and the arguments of counsel were heard, and that the plaintiff in error was found guilty in manner and form as charged in the information. A motion was entered in each case to vacate the judgment and the motions were set for hearing on June 10. Counsel for the plaintiffs in error requested additional time and the hearing of the motions was postponed until the next day. On that hearing the plaintiffs in error, by their counsel, sought to show, by affidavits and oral testimony, in contradiction of the record, that Forsyth had not pleaded guilty; that neither plaintiff in error had been represented by counsel prior to the rendition of the judgments, and that if new trials should be granted, newly discovered evidence would

be available. The motions to vacate the judgments were denied.

The record of the municipal court recites that the plaintiffs in error were represented by counsel when they were arraigned and tried. Upon the motions to vacate the judgments counsel for the plaintiffs in error sought to impeach the municipal court record by extraneous evidence, and their motions were denied. The record of a court imports absolute verity and cannot be contradicted or amended, except by other matter of record by or under the authority of the court. (*Nicholson* v. *Loeff*, 253 Ill. 526; *People* v. *Ward*, 272 id. 65; *People* v. *Lyle*, 329 id. 418). Since the record of the municipal court must be accepted as it was made, an alleged fact in contradiction of that record cannot be considered, on a writ of error, a proper basis for the contention that a constitutional right was denied the plaintiffs in error. The mere assignment of error or argument that a constitutional question is involved is insufficient. The constitutional question must exist; it must be presented by the case, and it must be fairly debatable before this court can take appellate jurisdiction on that ground. (*Baccus* v. *Gunderson*, 338 Ill. 301; *Burns* v. *Illinois Central Railroad Co.* 258 id. 302). No ground for a direct review by this court is presented by this writ of error.

A violation of the act under which these proceedings were instituted is, by section 5, made a misdemeanor, and a conviction is reviewable by an appellate court. (*People* v. *Hord*, 329 Ill. 117; *People* v. *Greene*, 315 id. 626; *People* v. *Fensky*, 290 id. 612). The causes will be transferred to the Appellate Court for the First District.

*Causes transferred.*