(No. 23564.—

THE PEOPLE *ex rel.* Robert M. Sweitzer, Relator, Appellant, *vs.* JOSEPH L. GILL, Appellee.

*Opinion filed October 27, 1936.*

I. HARVEY LEVINSON, and LOUIS ROSENFELD, for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, WILLIAM J. TUOHY, JACOB SHAMBERG, and WILLIAM P. KEARNEY, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Pursuant to leave granted, the Attorney General, on the relation of the relator, Robert M. Sweitzer, filed an information in the nature of a *quo warranto* in the circuit court of Cook county by which he challenged the right of the appellee, Joseph L. Gill, to hold the office of county treasurer of Cook county, to which Gill had been appointed by the board of county commissioners of Cook county after it had removed the relator from that office. A jury was waived and the case was tried on the merits, resulting in the dismissal of the information and assessment of costs

against the relator. The trial court certified that a construction of the constitution and statutes of this State was involved and that the public interest required that the appeal be taken directly to this court.

Although neither party has raised the question, it is our duty to refuse to entertain an appeal unless the appeal is properly within our jurisdiction.

The trial court is not authorized by section 75 of the Civil Practice act to certify an appeal directly to this court on the ground of "public interest" unless the validity of an ordinance is involved. Since the constitutionality of no statute is challenged, the only jurisdictional ground that this record could present would be a necessity for a construction of section 4 of article 4 and section 11 of article 9 of the constitution, which in substance make defaulters of public moneys ineligible to hold office. The appellee admits that the board, by virtue of the above constitutional provisions, had no inherent authority to remove appellant from his office of county treasurer for misconduct alleged to have taken place in relation to his former office of county clerk, but insists that the board had express statutory authority therefor. Appellant contends that removal of public officials is in the exclusive control of the legislature. He says there is no constitutional or statutory authority for such removal by the county board. He relies upon *Cawley* v. *People,* 95 Ill. 249, 254, 255, where we held that the provisions of section 4 of article 4 of the constitution presuppose that the alleged default shall be known and determined by judicial or other legal authority, and upon *People* v. *Dreher,* 302 Ill. 50, where we held that a city council had no authority to remove a mayor from office, and that the matter of removal of officers had been left to the General Assembly, citing *Donahue* v. *County of Will,* 100 Ill. 94.

The only question this record presents is, Did the legislature empower the county board of Cook county to remove a county treasurer from that office for defaults al-

leged to have occurred in connection with his prior office of county clerk and independent of his office as county treasurer? The appellee contends that section 15 of the County Treasurers act (State Bar Stat. 1935, chap. 36, par. 15; 36 S. H. A. 15;) expressly confers the power upon the board, and the appellant denies that it has such an effect. No construction of the constitution is involved but merely a construction of the section named. We have, therefore, no jurisdiction to entertain this direct appeal.

The cause is ordered transferred to the Appellate Court for the First District.

*Cause transferred.*