(No. 24171.— <span style="background:black">     </span>
THE CITY OF STERLING, Appellee, *vs.* FRANK BERRY, Appellant.

*Opinion filed October 15, 1937.*

SHELDON & BROWN, for appellant.

W. J. STEVENS, City Attorney, and WARD, WARD & SCHEINEMAN, for appellee.

Mr. Justice Stone delivered the opinion of the court:

The appellant was, in the city court of Sterling, fined the sum of $3 for permitting his dog to go at large in the city of Sterling without the payment of a registration fee, herein called a tax, as required by certain ordinances of the city of Sterling. He raised in that court questions affecting the constitutionality of such ordinances and brings the cause here on direct appeal on the ground that constitutional questions are involved. The trial judge certified that in his opinion such questions were involved, and that it was in the public interest that the appeal be taken directly to this court.

Appellant's claimed constitutional grounds are that the ordinances are void because they violate the equal protection clause of the constitution of this State and amount to double taxation, contrary to constitutional provision. He also raises certain other questions concerning the construction of ordinances and statutes, and the method by which the ordinances involved were adopted.

The first question to be considered here, however, is one of our jurisdiction. Appellant admits that this court, in *City of Paxton* v. *Fitzsimmons*, 253 Ill. 355, has held that a like ordinance does not violate the equal protection clause of this State, but he insists that case is not good law and should be overruled, although his brief does not present substantial reason therefor. It is also settled by this court that an ordinance requiring the payment of such a license fee, whether called a tax or registration fee, does not constitute double taxation. This was not only, in effect, the ruling in *City of Paxton* v. *Fitzsimmons, supra,* but also in *Cole* v. *Hall,* 103 Ill. 30, where it was pointed out that a so-called dog tax, or registration tax, or fee, is not a tax under the taxing power of the State but a license fee under the police power, and hence does not violate the constitutional provisions against double taxation.

As this court has frequently said, where it appears that a constitutional question supposed to be involved has been settled and is no longer open to debate, this court will not assume jurisdiction of an appeal merely to refer to its former decision. (*Burns* v. *Illinois Central Railroad Co.* 258 Ill. 302; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413.) While there is here a certificate of the trial judge that the validity of an ordinance is involved, this court will, notwithstanding such certificate, decline to take jurisdiction, where the constitutional questions raised are in fact settled. (*People* v. *Gill,* 364 Ill. 344.) Such questions here raised having been disposed of, and other questions in the case presenting no ground of jurisdiction, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*