(No: 25102.—

THE FIRST NATIONAL BANK *et al.* Appellees, *vs.* THE VIL-
LAGE OF SOUTH PEKIN, Appellant.

*Opinion filed June 19, 1939.*

LOUIS P. DUNKELBERG, (HAROLD J. RUST, of counsel,)
for appellant.

RALPH DEMPSEY, VELDE & PRETTYMAN, E. E. HORTON,
and ALFRED W. BLACK, (NELSON TROTTMAN, E. C. CRAIG,
and CHARLES A. HELSELL, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The county court of Tazewell county entered a final
order disconnecting certain territory from the village of
South Pekin, Illinois, under an act providing for the dis-
connection of land from cities, towns and villages. (Laws
of 1935, p. 300.) There were six tracts involved, three of
which contained more than twenty acres each. The other
tracts, considered separately, contained less than twenty
acres, but tracts 2 to 6, inclusive, were all connected and
collectively embraced more than eighty acres owned by sev-
eral parties who joined in the amended petition for discon-

nection. Appellant, in its motion to strike, urged that the Disconnection statute was illegal, but, in its brief, concedes that at least three of the tracts, under the law, should be disconnected. In appellant's brief the points argued are, that the appeal involves the construction of the Disconnection statute as to whether additional landowners may intervene in the proceeding; whether individual landowners can join their holdings so as to create an area of twenty acres or more, and whether certain areas would be isolated in violation of the act.

The Disconnection act of 1935 was held constitutional in *Punke* v. *Village of Elliott,* 364 Ill. 604. We have held that when a constitutional question has been previously decided by the Supreme Court it will not ordinarily entertain an appeal for the purpose of again raising the same question. (*O'Connor* v. *Rathje,* 368 Ill. 83; *Comstock* v. *Morgan Park Trust and Savings Bank,* 363 id. 341.) It has also been decided that where it appears a constitutional question has been settled and is no longer open to debate the Supreme Court will not assume jurisdiction of an appeal merely to refer to its former decision. *City of Sterling* v. *Berry,* 367 Ill. 111.

The Civil Practice act provides a direct appeal to the Supreme Court may be taken in cases where the validity of a statute or the construction of the constitution is involved. (Ill. Rev. Stat. 1937, chap. 110, par. 199.) No direct appeal is allowed where the construction of a statute is involved. (*People* v. *Gill,* 364 Ill. 344; *Wilson* v. *Prochnow,* 354 id. 98; *Sheridan-Brompton Building Corp.* v. *Daane,* 348 id. 306.) Since the act in question has been held valid and all the other questions raised only involve a construction of the statute, this court has no jurisdiction to entertain the appeal.

The cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*