PATRICK C. BOYLAN, Plaintiff in Error, vs. THE CHICAGO TITLE AND TRUST COMPANY et al. Defendants in Error.

*Opinion filed June 16, 1909.*

1. APPEALS AND ERRORS—*a judicially settled constitutional question is not ground for direct appeal.* A statute which has been declared by the Supreme Court to be unconstitutional and void is, in effect, expunged from the statute law of the State, and the mere fact that the trial court, in a subsequent case, acts upon the assumption that such statute is valid does not give rise to a constitutional question authorizing a direct appeal to the Supreme Court.

2. SAME—*the constitutional question must be debatable to be ground for direct appeal.* Where the Supreme Court can see that the constitutional question raised in a case is one which has been settled and is no longer debatable or in doubt, it will not assume jurisdiction of a direct appeal merely to refer to its former decision.

3. SAME—*what does not raise any question of due process of law or equal protection of the laws.* The fact that the trial court, in a foreclosure case, may have erroneously construed the statute and refused to allow an intervening petitioner a sub-contractor's lien, contrary to the action in another case claimed to be similar in its facts, does not raise any question of due process of law or denial of equal protection of the laws, but merely involves the question whether the court erred in construing the statute.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

P. C. BOYLAN, for himself.

J. S. DUDLEY, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Northern Trust Company filed in the circuit court of Cook county its three bills of complaint to foreclose trust deeds upon lots 6, 7 and 8, respectively, in Sidney A. Kent's subdivision of certain property in said county. The three foreclosure suits were consolidated by order of the circuit court. The plaintiff in error, Patrick C. Boylan,

was a defendant, and by his amended answer, in the nature of an intervening petition, claimed a mechanic's lien to the amount of $273.50 as a sub-contractor under the Central Brick and Stone Company. Upon a hearing on exceptions to the master's report the court confirmed the report and ordered that the amended petition of plaintiff in error be dismissed for want of equity, and that William A. Cameron, one of the defendants in error, recover from plaintiff in error his costs, including the sum of $32 for a solicitor's fee. A writ of error was sued out of this court by plaintiff in error to review that decree.

The assignment of errors contains twenty alleged errors of the court, and the supposed justification for bringing the record directly to this court is found in the seventh, which alleges that the court erred in taxing a solicitor's fee of $32 in favor of the defendant in error Cameron against the plaintiff in error, in violation of section 22 of article 4 of the constitution, and also in twelve others, wherein the plaintiff in error says that he was denied due process of law and the equal protection of the laws, in violation of the State constitution and the Federal constitution and the fourteenth amendment thereof.

To sustain the seventh error assigned, the plaintiff in error points to the decision of this court in *Manowsky* v. *Stephan,* 233 Ill. 409, in which it was held that section 17 of an act to revise the law in relation to mechanics' liens, allowing an attorney's fee to be taxed as part of the costs, is in violation of section 22 of article 4 of the constitution, and therefore void. The plaintiff in error thereby establishes the proposition that a writ of error will not lie to bring a case to this court for the purpose of testing the validity of that provision, since the decision shows that the question has already been decided and the provision held to be void. There is no existing unsettled constitutional question respecting the validity of the provision for taxing an attorney's fee, and the decision destroying the provision

as authority for taxing such fee is binding on all courts. Where the court can see that the constitutional question raised is one which has been settled and is no longer debatable or in doubt, the court will not assume jurisdiction on a direct appeal merely to refer to the former decision. Statutes which have been declared by this court to be in violation of the constitution and void are, in effect, expunged from the statute law of the State, and to authorize a direct appeal the constitutional question must be one that is fairly debatable. *Beach* v. *Peabody,* 188 Ill. 75.

The twelve divisions of the assignment of errors in which the plaintiff in error says that there was a denial of due process of law and of the equal protection of the laws, in violation of the State and Federal constitutions, are all based on the ground that the circuit court did not correctly construe the law and ought to have allowed a lien to the plaintiff in error because a lien was allowed in the case of *Gage* v. *Cameron,* 212 Ill. 146, which the plaintiff in error says was similar in its facts. The argument that the circuit court ought to have decided this case in the same manner that the other case was decided does not raise any question of due process of law or the equal protection of the laws. It does not appear from the record in this case what facts were proved in the case referred to, and in any event, if the court reached a different conclusion as to the law, the only question would be whether the court erred in construing the statute. No question of the validity of a statute or construction of the constitution is involved in the case, and the writ of error should have been sued out of the Appellate Court for the First District.

The cause will be transferred to the Appellate Court for the First District, and the clerk of this court will transmit to the clerk of said Appellate Court the transcript and all files in the cause, together with the order transferring the same. *Cause transferred.*