## In Re ADAMS.
### (176 N. W. 508.)

(File No. 4564.    Opinion filed February 19, 1920.    Rehearing denied March 26, 1920.)

1. **Appeals—Error—Brief, Reply Brief, Containing Vituperative, Scurrilous, Matter, Insulting to Court's Dignity, Matter Stricken.**

   Where appellant filed in Supreme Court a so-called "brief and argument" and a "reply brief" which were so replete with vituperation and abuse of a Council of Defense and the Attorney General's office as to render greater portion thereof scurrilous and impertinent, its insertion is an insult to the Court's dignity which no self-respecting court can overlook; and such scurrilous portions will be stricken therefrom.

2. **Contempt—Criminal Contempt—Subpoena Re Council of Defense, Refusal to Obey—Circuit Court's Order—Judgment Sustained.**

   Where, in a proceeding for criminal contempt, it appeared that defendant had disregarded a subpoena issued by circuit court upon request of a Council of Defense and served upon him, requiring him to appear before it to answer all questions that might be presented to him; that the circuit court, upon filing the subpoena with return thereof, together with an affidavit setting forth issuance and service of subpoena and defendant's failure to obey same, issued an order against defendant to show cause why he should not be adjudged guilty of contempt of court and punished accordingly, which order, together with said affidavit, was served on defendant, to which he paid no attention, whereupon court made findings of fact accordingly, and found as conclusion of law that appellant was guilty of contempt of court and should be punished therefor, and entered judgment sentencing him to pay a fine, etc., held, that such judgment was justified by the facts, and said judgment and the order denying a motion to set aside said judgment are sustained.

3. **Statutes—Creating Council of Defense, Conferring Powers Thereon and on Circuit Court, Whether Delegation of Legislative Powers—Constitutionality.**

   Spec. Laws 1918, Ch. 61, Sec. 8, providing that Council of Defense created by said act may require any person to appear

before it, and may examine any such person under oath as to any information within his knowledge and require him to produce for inspection any writings, etc., under his control, and authorizing circuit court to issue subpoena upon request of any of its agents or officers, who shall have power to administer oaths and take testimony, and any person refusing to obey such subpoena, etc., "shall be punished by the circuit court of the county where such refusal occurs" as for a contempt, is not unconstitutional as a delegation of legislative power to the Council of Defense; it confers no legisaltive power upon any person or tribunal.

**4.    Same—Compelling Party to Testify Against Himself, Constitutionality Re.**

Nor is said act unconstitutional, as authorizing a Council of Defense to compel a party to testify against himself; and there was nothing in the subpoena in question indicating that defendant would be called upon to testify against himself or to incriminate himself; nor, if there were, would it furnish him excuse for ignoring the subpoena; the right to refuse to testify because testimony would incriminate being a personal privilege exercisable during witness's examination, but he has no right to assume that he is subpoenaed for purpose of incriminating himself and to refuse to obey it therefor.

**5.    Courts—Circuit Court—Issuance of Subpoena Re Council of Defense, Jurisdiction Re—Statute.**

Spec. Laws 1918, Ch. 61, creating Councils of Defense and defining their powers and duties, and prescribing procedure for enforcing obedience to its provisions, and authorizing circuit court, upon request of Chairman of the Council of Defense, to issue subpoenaes to persons designated in the request, and making failure to obey subpoena a contempt of court, in effect renders failure to obey subpoena so issued, a contempt of court, the same as any other matter pending in court; and the contention that before circuit court can issue such subpoena there must be pending an action or proceeding in a court of competent jurisdiction, is untenable; nor is there anything in the act in conflict with any constitutional provision.    Moreover, it is fully settled in this state that a circuit court, or other designated tribunal or officer may be empowered by Legislature to issue subpoenaes and enforce obedience thereto in other than matters regularly pending in court; such as certain criminal investigations (Sec. 4504 Code 1919), investigations before grand jury (Sec. 4994 Code 1919); investigations re druggist's application for permit, etc. (Sec. 10251 Code 1919); investigations re unlawful business methods (Sec. 4368 Code 1919.)

6. **Contempt—Criminal Contempt—Council of Defense Subpoena, Refusal to Obey—Failure to Specify Charges, Constitutionality Re.**

In a proceeding for criminal contempt for failure to obey a subpoena issued by circuit court, upon request of Council of Defense, and for disobeying circuit court's order, made upon return of subpoena and upon affidavit of chairman of said Council, setting forth issuance and service of subpoena and defendant's failure to obey same, held, that defendant's right to be specifically informed of charges against him were not thereby invaded; since the affidavit, served on him with order to show cause re contempt, informed him fully and in detail of the offense charged.

7. **Contempt—Failure to Obey Council of Defense Subpoena—Defense of Payment of Liberty Bonds Quoto, Futility, Irrelevancy.**

Nor was the fact that defendant had, prior to service of the subpoena, purchased his full quota of liberty bonds, any defense to the order to show cause re contempt; he not having been charged with failure to purchase such bonds, and said matter was irrelevant.

In re criminal contempt proceedings against Joe Adams. From an order of the Circuit Court, in re proceedings of Council of Defense of Dewey County, South Dakota, adjudging defendant to be in contempt of court, and imposing a fine, etc., he appeals. Affirmed.

*Seth Teesdale,* for Appellant.

*Byron S. Payne,* Attorney General, and *Peter Burns,* State's Attorney, for the State.

(2) To point two, Appellant cited: Secs. 487, 493, C. C. Proc.; 6 R. C. L., p. 502.

(3) To point three, Appellant cited: Cooley's Con. Lim., 7th Ed., p. 163, and note 1; Sp. Laws 1918, Ch. 61, Sec. 5; In re Milligan, 18 L. Ed., U. S. Sup. Ct. Rep., 281, and cases cited.

Respondent cited: Sp. Laws 1918, Ch. 61, Sec. 8.

(5) To point five, Respondent cited: State vs. Central Lumber Company, 24 S. D. 136, 123 N. W. 504, 42 L. R. A. (N. S.) 804; Weimer v. Bunbury, 30 Mich. 201; Willoughby on Constitution, Vol. 2, page 863; Hurtado v. California, 110 U. S. 537.

POLLEY, J. The chairman of the council of defense of Dewey county filed a written request with the circuit court of

that county, requesting said court to issue a subpoena for certain persons, including appellant named in said request. The subpoena was issued and served on appellant, directing him to appear before said council of defense at its office in Timber Lake, on December 6, 1918, at 2 o'clock p. m., then and there to answer all questions that might be propounded to him. To this subpoena appellant paid no attention whatever. On the 27th day of December, 1918, the chairman of said council of defense filed said subpoena, with the return of service thereon, in the circuit court in and for Dewey county, and made and filed in said court his affidavit, setting forth the issuance and service of said subpoena and the failure of appellant to obey the same, and requested said court to proceed against appellant as for contempt of court for his refusal to obey the said subpoena. The circuit court thereupon issued an order, directing appellant to appear before said court at a time therein named and to show cause, if any he had, why he should not be adjudged guilty of contempt of court for his refusal to obey said subpoena and why he should not be punished accordingly. This order, together with said affidavit, was served on appellant on the 28th day of December, 1918. To this order appellant paid no attention. Thereupon, on the 11th day of January, 1919, the court made findings of fact in which it found all the facts above recited, and found further, as a conclusion of law, that appellant was guilty of contempt of court and that he should be punished for such offense. Judgment was entered, sentencing appellant to pay a fine of $50, and, in default of the payment thereof, that he be confined in the county jail for a period of 25 days, and that he be committed to the custody of the sheriff until the sentence was complied with. Whether appellant was arrested or not does not appear from the record, but on the 25th day of February, 1919, appellant, by his present counsel, served upon the state's attorney for Dewey county notice of motion to set aside and vacate said judgment. This notice was accompanied by an affidavit made by appellant, setting up certain matters, none of which are in any wise relevant or pertinent to the subject-matter then before the court. The motion was denied, and the case is here on appeal from the judgment and the order denying the said motion.

[1]   Appellant has filed in this court a paper book desig-
nated "Brief and Argument," and also a "Reply Brief." The
so-called argument in these briefs is so replete with vituperation
and abuse of the members of the Dewey County Council of De-
fense and the Attorney General's office as to render a greater
portion thereof scurrilous and impertinent, and afford no assist-
ance whatever to the court.  Scurrility never rises to the dignity
of argument, and its insertion in a brief is an insult to the
dignity of a court that no self-respecting court can overlook.
The scurrilous portions of the argument in both the original
brief and reply will be stricken out by order of the court.

[2]   The only question involved on the appeal is, What
legal excuse did appellant have for not obeying the subpoena
issued by the circuit court?

[3]   Appellant claims that the law under which this pro-
ceeding was initiated is unconstitutional, for the reason that it
purports to delegate legislative power to the council of defense.
This claim is without any foundation whatever.  This proceed-
ing was brought under section 8, c. 61, Spec. Laws 1918.  This
section reads as follows:

"Said council may require any person to appear before it,
or before any agent or officer of such council, for examination,
and may examine any such person under oath as to any in-
formation within the knowledge of such person, and to require
such person to produce for inspection any writings or docu-
ments under his control, and to that end the circuit court of
any county in the state shall issue a subpoena upon the request
of any of its agents or officers, and all said agents and officers
shall have power to administer oaths and take testimony, and
and person refusing to obey such subpoena, or to answer or
produce writings or documents requested by such council
shall be punished by the circuit court of the county where such
refusal occurs as for a contempt."

This section confers no power of a legislative character
upon any person or tribunal whatsoever.  It confers certain
powers and imposes certain specific duties upon the council of
defense, and the circuit court and its officers, but makes no
attempt to go further.

[4] It is next claimed that the law is unconstitutional because it purports to authorize the council of defense to compel a party to testify against himself. But this contention is without foundation. There is nothing in the subpoena to indicate that appellant would be called upon to testify against himself or to incriminate himself; and, if there were, it would not furnish an excuse for ignoring the subpoena. The right of a witness to refuse to testify on the ground that the testimony would incriminate him is a personal privilege to be exercised by the witness during his examination, but the witness had no right to assume that he is subpoenaed for the purpose of incriminating himself, and for that reason to refuse to obey the subpoena.

[5] It is further contended by appellant that the circuit court was without jurisdiction to issue the subpoena in the first instance because, as stated in his brief:

"Before the circuit court can issue a writ of subpoena in this case there must, of necessity, be a lawful action or proceeding pending in a court of competent jurisdiction, without which such subpoena cannot be issued, possessing validity and commanding obedience."

This contention is equaly unfounded. Chapter 61, Spec. Laws 1918, provides for the creation of councils of defense and defines their powers and duties. It then prescribes the necessary procedure for carrying out and enforcing obedience to the law. Upon request of the chairman of the council of defense, the circuit court is required to issue subpoenas to such persons as may be designated in such request, and failure to obey a subpoena so issued is made to constitute contempt of court, just as a failure to obey a subpoena issued in any other matter pending in court. There is nothing in the law that conflicts with any provision of the Constitution, and that a circuit court, or other designated tribunal or officer, may be empowered by the Legislature to issue subpoenas and enforce obedience thereto in other than matters regularly pending in court is fully settled in this state. In criminal investigations, any magistrate may issue subpoenas and compel the attendance of witnesses before the commencement of a prosecution. Section 4504, Code 1919. The state's attorney may issue subpoenas for witnesses to appear

before the grand jury upon an investigation before them. Section 4994, Code 1919. The state sheriff may issue subpoenas upon an investigation of a druggist's application for a permit to sell intoxicating liquors. Section 10251, Code 1919. In investigations of unlawful business methods the Attorney General may issue subpoenas and compel the attendance of witnesses. Section 4368, Code 1919; State v. Lumber Co., 24 S. D., 136, 123 N. W. 504, 42 L. R. A. (N. S.) 804. The mere fact that subpoenas, as a rule, are issued only in regularly pending actions or proceedings does not signify that the Legislature cannot provide for their issuance in special procedings or investigations.

[6] Appellant contends that he was placed on trial without being specifically informed of the charges against him, and that by so doing his constitutional rights were invaded. In this contention appellant is clearly wrong. The affidavit that was served on him with the order to show cause informed him fully and in detail of the offense with which he was charged.

As a further reason for his failure to obey the subpoena appellant stated in his affidavit that he had already purchased his full quota of Liberty Bonds. He was not charged with a failure to purchase Liberty Bonds. Therefore this matter was wholly irrelevant to any issue before the court.

The judgment and court order appealed from are affirmed.