THE REPUBLIC OF GREECE *vs.* ARISTIDES KOUKOURAS
& others.

Suffolk.    May 22, 1928.— July 13, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Witness,* Privilege against self-incrimination.    *Constitutional Law,* Self-
incrimination, Due process of law.    *Equity Pleading and Practice,* In-
terrogatories.    *Interrogatories.    Evidence,* Judicial notice.

An assertion under oath, in a refusal by a party to answer an interrogatory
propounded to him under G. L. c. 231, § 61, that an answer would tend
to incriminate him, is not conclusive on that question, which is for the
court to determine.

This court took judicial notice that there is no treaty of extradition be-
tween the Republic of Greece and the United States.

A defendant in a suit in equity refused to answer certain interrogatories
propounded to him under G. L. c. 231, § 61, claiming the privilege of de-
clining to answer under § 63 of the statute "and also under the provi-
sions of the Constitution of the Commonwealth of Massachusetts and
of the United States," and asserting under oath that to answer would
tend to incriminate him "under the laws of Greece and also under the
treaties existing between the United States and the said Republic of
Greece."    It appeared that the answer would tend to incriminate the
defendant, if at all, only of a violation of laws of the Republic of Greece.
There was no treaty of extradition between that republic and this.
*Held,* that

(1) The protection against incrimination by an answer to an inter-
rogatory, given by G. L c. 231, § 63, is confined to what may tend to
subject the witness to penalties within this jurisdiction and under the
State sovereignty;

(2) Neither the Fifth amendment nor the Fourteenth amendment to
the Constitution of the United States is violated by holding that the
privilege against self-incrimination does not extend to crimes which are
not subject to prosecution in the jurisdiction where the privilege is
asked;

(3) The defendant should answer the interrogatories.

BILL IN EQUITY, filed in the Superior Court on July 26,
1927, and afterwards amended, seeking disclosure of the
descriptions and present whereabouts of certain articles of
rare artistic, historical and archaeological nature and value,
and a decree that they belonged to and be restored to the
plaintiff.

The suit was heard by *Lummus*, J., upon a motion that the defendant Koukouras be defaulted and the bill be taken *pro confesso* as to him for failure to answer certain interrogatories, as stated in the opinion. The judge ordered the interrogatories further answered and under G. L. c. 214, § 30, reported the ruling to this court.

The case was submitted on briefs.

*A. D. Varkas, T. Petrou, & N. C. Culolias,* for the plaintiff.
*W. R. Scharton & M. Palais,* for the defendants.

PIERCE, J.   This is a bill of equitable replevin, brought in behalf of The Republic of Greece, to recover possession of certain articles of great historical and archaeological value which, the bill alleges, the defendant Koukouras has so concealed, secreted and hidden that they cannot be replevied. After the filing of the answer, on motion the judge ordered the plaintiff to furnish the defendant "with a copy of so much of the law of Greece as it relies upon in maintaining its claim to the articles referred to in the bill." The plaintiff complied with this order "by furnishing the defendant with a copy of the law of Greece of July 24 and 27, 1899, relating to antiquities."

It is stated in the report that "In substance the law provides that all antiques found within Greece, either movable or immovable, shall be the property of the government"; that "One of the provisions of the Greek law is that any person who discovers any movable antique is required to communicate the discovery of the same within five (5) days to certain named public officials, and to deliver such antiques to such government officials; that in the event of failure to communicate such discovery and to deliver the antiques, such person is punished by imprisonment in jail from one month to two years, and the antiques so discovered are confiscated by the government. . . . any person who has in his possession any antiques, and fails to comply with the preceding provisions is subject to the same penalites"; that "the law prohibits the owner of land from making excavations for antiques without first obtaining written permission from the proper authorities, and the offender is liable to imprisonment in jail from one month to two years, and the

antiques discovered are subject to seizure and confiscation. Any persons assisting or coöperating in any manner in such excavations are subject to imprisonment in jail up to three months"; that "the Greek law prohibits the exportation of antiques without written permission of the government and any person who, directly or indirectly, participates in the exportation of antiques, shall be punished for a misdemeanor, and is also subject to imprisonment in jail from three months to five years and the antiques are subject to confiscation. The offender is also deprived of his rights of citizenship for five years"; that "this law requires any person who has acquired antiques and desires to continue to acquire antiques of the kind referred to in the law, must communicate his intention so to do in writing to certain named public officials, under penalty of 500 drachmas for failing to comply with this requirement"; that "The execution and enforcement of this law, and the prosecution of persons violating its provisions, is especially entrusted to the police authorities; and of all fines and monetary punishments collected by the government through informers, such informers are entitled to be paid one-third"; that "any government or municipal employee who in any manner whatever participates directly or indirectly in violation of any of the provisions of this law shall be punished by a fine of from 100 to 10,000 drachmas, and by imprisonment in jail from one year to five years, with loss of rights of citizenship for five years"; that "No treaty of extradition between the complainant and the United States was introduced in evidence or otherwise presented to the court. No other evidence was offered except that stated in this report."

After the filing of the bill and answer, the plaintiff filed twenty-five interrogatories to the defendant Koukouras some of which he answered and some of which were waived by the plaintiff. Among them interrogatory numbered 11 is as follows: "State whether or not you are in possession of any or all of the articles named in paragraph 5 of the complainant's bill." This interrogatory the defendant Koukouras answered "Yes." Paragraph 5 of the bill, in its description of articles in the possession of the defendant,

reads: "about three hundred leaves made of pure gold, some representing the type of laurel leaves, some the type of olive leaves, some the type of oak leaves and others of undetermined species, two rings made also of gold, two men's hairpins, a gold medal, [and] a large silver medal."

Interrogatory 15 reads: "If you answer No. 11 in the affirmative, state fully when you acquired such possession and the mode of acquisition whether by purchase, gift or finding. (a) If by purchase state 1. The name or names of the person or persons, firm or corporation from whom such purchase was made. 2. The amount or amounts paid for the same. 3. The articles purchased. 4. Where the purchase was made. (b) If acquired by gift, state the name of the donor or donors, the date and place when such gift was made and the articles so acquired. (c) If by finding state 1. The place or places and date of such finding. 2. The owner of the premises of such finding. 3. The number of articles so found and the name of the person or persons who found the same." Interrogatory 16 reads: "If you answer interrogatory No. 11 in the affirmative state fully (a) Whether you brought the said articles with you when you arrived to this country. (b) Whether the same were sent to you from abroad. (c) If you brought the same with you upon your arrival to this country, state whether you disclosed the same to the customs authorities at the port of entry. (d) If the same were sent to you from abroad, state the place of shipment, the date of such shipment, and the mode of such shipment whether by parcel post, express or personal delivery." Interrogatory 17 reads: "State whether you are in possession of other articles of historical, archeological nature such as antiques of ancient Grecian art and history, not mentioned in paragraph 5 of complainant's bill." Interrogatory 18 reads: "If you answer the preceding interrogatory in the affirmative give a detailed description of such articles." To each of these interrogatories on December 27, 1927, Koukouras made the following answer: "I claim the privilege of declining to answer this interrogatory under the provisions of Chapter 231, Section 63 of General Laws, and also under the provisions of the Constitution of the Common-

wealth of Massachusetts and of the United States, upon the ground that such an answer will tend to incriminate me under the laws of Greece and also under the treaties existing between the United States and the said Republic of Greece." On December 12, 1927, the answer of privilege not then being filed, *Spinney* v. *Boston Elevated Railway*, 188 Mass. 30, 35, a judge of the Superior Court ordered the defendant Koukouras to answer interrogatories 15, 17, and 18, within ten days thereafter, and also interrogatory 16 except in so far as to do so may incriminate the defendant. No answers were filed in compliance with the order other than those claiming privilege, above quoted.

On December 29, 1927, the plaintiff moved that the defendant Koukouras be defaulted, and the bill taken *pro confesso* as to him for failure to answer the foregoing interrogatories. Upon the facts stated in the report a judge of the Superior Court, at a hearing on the motion, found and ruled that the defendant Koukouras has no privilege to refuse to answer said interrogatories, and ordered that he be defaulted and that the bill be taken *pro confesso* as to him, unless he shall answer fully and specifically the foregoing interrogatories numbered 15, 16, 17 and 18, within ten days after the date of his order or after the filing of a rescript affirming said order, in case it shall be affirmed. Being of opinion that said order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the Supreme Judicial Court, the judge reported the question of the legality and propriety of such order for that purpose, and stayed all further proceedings except such as might be necessary to preserve the rights of the parties until the matter could be determined on his report.

The defendant Koukouras in defence of his refusal to answer the interrogatories invokes that part of § 63, c. 231, of the General Laws which reads: "no party interrogated shall be obliged to answer a question or produce a document tending to criminate him or to disclose his title to any property the title whereof is not material to an issue in the proceeding in the course of which he is interrogated." It is

not argued that the interrogatories singly or in whole are not material to the issue whether the articles sought to be replevied are the property of the plaintiff, or more particularly that it is not material to the issue that the defendant should disclose whether he has in his "possession . . . other articles of historical archaeological nature such as antiques of ancient Grecian art and history, not mentioned in paragraph 5 of complainant's bill."

Although asserted under oath, the claim of Koukouras that an answer to any one of the interrogatories would tend to incriminate him and is conclusive on that question is not sound.   It is for the judge to determine whether an answer to any question may reasonably have a tendency to incriminate the witness.   *Bull* v. *Loveland,* 10 Pick. 9, 14.   *In re Consolidated Rendering Co.* 80 Vt. 55, affirmed in *Consolidated Rendering Co.* v. *Vermont,* 207 U. S. 541.   The defendant does not invoke the privilege of refusing to answer any one of the interrogatories on the ground that to do so would tend to convict him of a crime punishable under the laws of this Commonwealth or of the United States.   We take judicial notice that there is no treaty of extradition between the Republic of Greece and the United States.

The evidence offered by the report discloses nothing indicating that a criminal offence was committed with which answers to the interrogatories would tend to connect the defendant Koukouras.   We assume, without decision, that answers to the interrogatories would tend to convict Koukouras of a violation of the laws of the Republic of Greece and might subject him to penalties should he come within the jurisdiction of the laws he may be charged with disregarding.   The question is, can the privilege of silence be invoked by a witness, when his answer will tend to prove that he has infringed the criminal laws of a foreign jurisdiction by act or conduct which does not violate the criminal laws of the jurisdiction where he is examined.   We are of opinion the privilege against self-incrimination extends only to crimes which may be prosecuted within the latter jurisdiction, and the rule of protection is confined to what may tend to subject the witness to penalties within this jurisdic-

tion and under the State sovereignty. *State* v. *Jack,* 69 Kans. 387. *Jack* v. *Kansas,* 199 U. S. 372. *Hale* v. *Henkel,* 201 U. S. 43, 69. *State* v. *March,* 1 Jones (N. C.) 526. *State* v. *Wood,* 99 Vt. 490. *Brown* v. *Walker,* 161 U. S. 591. *King of the Two Sicilies* v. *Willcox,* 7 State Trials (N. S.) 1049. Neither the fifth amendment nor the fourteenth amendment to the Constitution of the United States is violated by holding that the privilege against self-incrimination does not extend to crimes which are not subject to prosecution in the jurisdiction where the privilege is asked. *Brown* v. *Walker, supra. State* v. *Jack, supra. Jack* v. *Kansas, supra.*

The finding and ruling that the defendant Koukouras has no privilege to refuse to answer the several interrogatories were right, as was the order that the defendant Koukouras should be defaulted and the bill taken *pro confesso* as to him unless he shall answer fully and specifically the foregoing interrogatories numbered 15, 16, 17 and 18, within ten days after the filing of a rescript affirming said order. It results that the entry must be

*Order affirmed.*