(Nos. 19688, 19689, 19690, 19691, 19692.—

THE PENNSYLVANIA TANK LINE, Appellee, *vs.* LARKIN F. JORDAN *et al.*—(JOSEPH H. McCABE *et al.* Appellants.)

*Opinion filed October 25, 1930.*

FRANK H. REPETTO, for appellants.

MILLER, GORHAM & WALES, for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

This is an appeal from an order of the superior court of Cook county committing Joseph H. McCabe and four other defendants to jail for contempt of court in refusing to appear before a master in chancery and give their depositions, as required by an order of that court. Each of the five defendants prayed and perfected a separate appeal, but the several cases have been consolidated and are herein considered together.

On September 27, 1928, the Pennsylvania Tank Line, a corporation, (hereinafter designated as complainant,) filed a sworn petition in the superior court. In this petition complainant referred to a bill for an accounting filed by it in said court on July 25, 1928, which bill alleged that complainant is engaged in the business of renting tank cars, and that through a conspiracy of certain former employees with Joseph H. McCabe, William Jervis, Walter Bushong, Joseph Prince and Frank H. Repetto, named by the bill, among others, as defendants and hereinafter designated as defendants, a "dummy" company had been created which procured leases of tank cars from complainant at rentals below the market and sub-let the cars at a profit to the conspirators. The petition further showed that to fully establish complainant's case as set forth in the bill it was and is necessary to prove by McCabe, Jervis, Bushong, Prince and Repetto certain facts in connection with the "dummy" company and their interest in it, which complainant believes they alone could testify to; that on July 25, 1928, complainant sued out subpœnas from the office of a master to take the depositions of the five defendants under the provisions of section 24 of the Illinois Evidence act; that all of the defendants were duly served with the court summons, notice of taking the depositions, and the master's subpœnas, which required them to appear before him on August 9, 1928, and

testify; that all of the five defendants did appear at the time and place designated in the subpœnas and thereupon flatly refused to be sworn or give any testimony at all but did file written objections to the taking of such testimony, and that their depositions are necessary to a proper presentation of the complainant's case. The petition prayed that McCabe and the others named be ordered to appear and testify before the master. Accompanying the petition was a certificate of the master reciting the issuance by him on July 25, 1928, of subpœnas *duces tecum,* the service thereof, the appearance of defendants on August 9 and their refusal to be sworn and examined upon oral interrogatories. The certificate further recited that defendants presented written statements setting forth reasons for refusing to be sworn and to testify, and to it were attached these statements as exhibits. In these statements defendants alleged, among other things, that they wished to take advantage of their constitutional rights, and declined to testify for the reason that interrogation might tend to incriminate them.

On November 26, 1928, the court entered an order directing defendants to produce for inspection by complainant all documents and records pertaining to the leasing of tank cars by defendants from or to petitioner. On the same date the court entered another order directing defendants to appear and give their depositions in the cause before the master on December 14, 1928. On December 20, 1928, a certificate of the master was filed, reciting that pursuant to the court order of November 26 directing defendants to appear and testify before him, which order was based upon subpœnas issued in due course by him as a master in chancery on July 25, 1928, there appeared before him on December 14 Frank H. Repetto, in his own behalf and as solicitor for McCabe and the other defendants, and filed a written statement, in which said defendants declined to personally appear and testify and give evidence for reasons stated in a written document then and there submitted by

them. This document is attached as an exhibit to the certificate. It alleges, among other things, that defendants refuse to personally appear and testify for the reason that the court had no jurisdiction to enter the order commanding them to do so. On December 20, 1928, a sworn petition was filed for a rule upon defendants to show cause why they should not be adjudged in contempt for refusing to obey the order of November 26, 1928, requiring them to appear and testify before the master. In this petition complainant sets out at somewhat greater length than in its above petition of September 27, 1928, the necessity for obtaining the testimony of defendants, alleging that they appeared before the master at the time and place designated by the subpœnas of July 25, 1928; that they then refused to be sworn or give any testimony, filing written objections to the taking of testimony; that on November 26, 1928, upon the petition heretofore mentioned, the court, after hearing all the objections defendants cared to urge, entered the order directing them to appear before the master on December 14 and give their depositions, and that Repetto then and there appeared, and, individually and speaking in behalf of the other defendants, refused to testify.

On February 11, 1929, the court entered an order, predicated upon refusal to obey its former order of November 26, 1928, which commanded defendants to appear and testify before the master, and ordered them to show cause on February 18 why they should not be attached for contempt for refusal to testify in obedience to said order. On the latter date defendants filed an answer, claiming that they were not guilty of contempt, and alleging, among other things, that the bill of complaint did not propound any interrogatories or pray discovery; that on August 9 defendants appeared before the master and declined to be sworn and testify on constitutional and jurisdictional grounds because complainant threatened to use their testimony "to send them to the penitentiary;" that the court "destroyed" the effect of the sub-

pœna *duces tecum* by entering an order that an inspection be had of the books and papers at the office of defendants' solicitor, and that defendants' refusal to testify before the master was based upon the contention of violation of the constitutional·rights of defendants under sections 2 and 5 of article 2 of the constitution of Illinois and the seventh amendment of the constitution of the United States. On February 19, 1929, the court entered the order from which this appeal is taken, finding that with the exception of Repetto defendants did not appear in person before the master, and that they willfully and intentionally refused to testify as directed by the court order of November 26, 1928. The order committed them to the county jail until such time as they should appear and testify or until otherwise discharged by due process of law.

Defendants have prosecuted their appeals direct to this court upon the theory that constitutional questions are presented by the record. In support of this theory they contend (1) that the issuance of the subpœna *duces tecum* violated section 6 of article 2 of the constitution of Illinois; (2) that the order of court directing them to testify violated section 10 of article 2 of the constitution of Illinois; and (3) that section 36 of the Evidence act, (Cahill's Stat. 1929, chap. 51, par. 36,) under which the proceedings resulting in the contempt order were taken, is unconstitutional "because it authorizes subpœnas to be issued against a party defendant to produce his private books and papers, wherein it fails to protect him in his constitutional rights."

So far as the first contention is concerned, it is sufficient to say that the court order of November 26, 1928, which furnished the basis for the subsequent order for the rule to show cause, entered February 11, 1929, and the final order holding defendants in contempt, and from which the appeals are taken, did not purport to order the production of documents and records. Defendants were held in contempt for failure to appear and give oral testimony. No question

involving the constitutional provision cited arising out of the present record, this court has no jurisdiction under the theory invoked. *Baccus* v. *Gunderson,* 338 Ill. 301.

As to the second contention, the rule is that the mere assertion that a constitutional question is involved is not all that is required to raise the question. As this court said in *People* v. *Forsyth,* 339 Ill. 381: "The constitutional question must exist; it must be presented by the case, and it must be fairly debatable before this court can take appellate jurisdiction on that ground." In the present case, defendants, emphasizing that the original bill did not propound any interrogatories or pray discovery, and although they flatly refused even to attend and be sworn, nevertheless insist that their right against self-incrimination was violated by the order to appear and give their depositions. A witness cannot claim the privilege of silence for a purely imaginary or fanciful reason. It is not enough for a witness to say that an answer will incriminate him. It must appear to the court, from all the circumstances, that there is real danger to the witness. (*Manning* v. *Securities Co.* 242 Ill. 584; *People* v. *Spain,* 307 id. 283; *People* v. *Newmark,* 312 id. 625; *People* v. *Butler Street Foundry Co.* 201 id. 236; *United States* v. *Burr,* 25 Fed. Cas. 38; *Mason* v. *United States,* 244 U. S. 362; *Heike* v. *United States,* 227 id. 131; *Skinner* v. *Steele,* 88 Hun, 307; *Republic of Greece* v. *Koukouras,* 264 Mass. 318, 162 N. E. 345; *Ex parte Werner,* 46 R. I. 1, 124 Atl. 195; *In re Moser,* 138 Mich. 302, 101 N. W. 588; *Kirschner* v. *State,* 9 Wis. 140.) A witness cannot refuse to obey a subpœna or refuse to be sworn and still claim the privilege that his testimony, if given, would incriminate himself. (*In re Consolidated Rendering Co.* 80 Vt. 55, 60 Atl. 790, affirmed in 207 U. S. 541; *United States* v. *Sullivan,* 274 id. 259; *Brown* v. *United States,* 276 id. 134; *Ex parte Stice,* 70 Cal. 51; *Eckstein's Petition,* 148 Pa. 509; *Commonwealth* v. *Southern Express Co.* 160 Ky. 1, 169 S. W. 517; *State* v.

*Danziger,* 238 Mich. 39, 213 N. W. 448.) Merely being compelled to appear in pursuance of a subpœna and to be sworn is no violation of the constitutional privilege but is only a preliminary to the giving of testimony, and it is only after the administration of an oath that the privilege may be asserted. (*State v. Cox,* 87 Ohio, 313, 101 N. E. 235; *Conover v. West Jersey Mortgage Co.* 87 N. J. Eq. 16, 99 Atl. 604; *State v. McKay,* 54 N. D. 801, 211 N. W. 435.) The privilege must be claimed during examination and as questions are asked. (*McCarthy v. Clancy,* 148 Atl. (Conn.) 551; *In re Adam,* 42 S. D. 592, 176 N. W. 508; *State v. Howat,* 107 Kan. 423, 191 Pac. 585.) These principles are so well settled as to be no longer debatable. There is nothing in this record from which this court can see any indication of interference with the constitutional rights of defendants in the respect claimed.

Although the third contention is sufficiently answered by the comment already made with regard to the first, it is in order to point out that the validity of section 36 of the Evidence act was squarely presented and settled in *People v. Rushworth,* 294 Ill. 455, where a subpœna *duces tecum* had been issued by the commissioner, where by the order upon which he was held in contempt the party was to appear and testify and produce certain documents, and where it was argued that section 36 was contrary to constitutional provisions regarding due process of law and guaranteeing trial by jury. This court will not assume jurisdiction on direct appeal merely to refer to the former decision. *Boylan v. Chicago Title and Trust Co.* 240 Ill. 413.

The causes are transferred to the Appellate Court for the First District.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Causes transferred.*