(No. 20292.—

THE STEVENS HOTEL COMPANY, Appellee, *vs.* THE ART
INSTITUTE OF CHICAGO *et al.* Appellants.

*Opinion filed December 18, 1930.*

CUTTING, MOORE & SIDLEY, WEST & ECKHART, and
GEORGE E. GORMAN, (NATHAN G. MOORE, HORACE KENT
TENNEY, and PERCY B. ECKHART, of counsel,) for appellants.

GEORGE P. MERRICK, and HUGH T. MARTIN, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The Stevens Hotel Company, as an abutting property owner on Michigan avenue, fronting Grant Park, in Chicago, on February 8, 1929, filed its bill in the circuit court of Cook county for an injunction to restrain the Art Institute of Chicago and the South Park Commissioners, defendants, from making certain enlargements to the Art Institute building in Grant Park. The complainant claims that the proposed enlargements would violate the terms of the original grant between the Art Institute, the city of Chicago and the World's Columbian Exposition, dated December 3, 1891, and would also infringe upon its vested rights as an abutting property owner and successor by purchase of earlier owners, in the way of an easement over, upon and across Grant Park to the waters of Lake Michigan and of light, air and prospect over the park. Upon completion of the pleadings the case was submitted to the court upon those pleadings and an agreed stipulation of facts. The court found for the complainant and decreed that the defendants forever refrain from constructing or erecting, or permitting to be constructed or erected, any building, structure, enlargement or extension "of any kind, size, nature or description whatever, or for any purpose whatsoever, anywhere within the limits of Grant Park." From this decree an appeal was taken, the court below certifying that the validity of a municipal ordinance was involved and that the public interest required a direct appeal to this court.

The question as to the jurisdiction of this court to entertain the present direct appeal is not raised or discussed by any of the parties, but it is nevertheless the duty of this court in every instance to refuse to pass upon a case unless such jurisdiction appears from the record.

Apparently the question which was thought to authorize this direct appeal is the one with respect to the validity of

the contract dated January 18, 1928, between the South Park Commissioners and the Art Institute of Chicago, by which the former purported to authorize the latter to make additions to its present museum building on certain additional land in Grant Park. This agreement is not an ordinance and is not even in the form of an ordinance but in form and substance purports only to be a contract executed by the officers of both parties. The statute authorizes a direct appeal in a case in which the trial court makes the proper certificate that the validity of a municipal ordinance is involved. That the South Park Commissioners is a public municipal corporation is settled by previous decisions of this court. (*People* v. *Walsh,* 96 Ill. 232; *People* v. *Crowe,* 327 id. 106.) In *People* v. *Crowe, supra,* the court said with respect to an ordinance of the South Park Commissioners: "It is the question of the validity of this ordinance certified by the judge of the superior court which gives the right of a direct appeal to this court. South Park Commissioners is a public municipal corporation vested with certain governmental powers of a political character. (*People* v. *Walsh, supra.*) Judgments and decrees in cases involving the validity of its ordinances may be reviewed by this court directly in the manner provided by section 118 of the Practice act." But the contract of January 18, 1928, as disclosed by this record, was not an ordinance of the South Park Commissioners. There is nothing in this record to indicate that the commissioners, as a legislative body, ever voted for or adopted this contract, and no ordinance or other action of like character to authorize the execution of the contract is disclosed by the record. It is signed merely by two officers of the South Park Commissioners.

It cannot be said that the validity of the ordinance of the city of Chicago of March 30, 1891, is involved. By that ordinance the city authorized the World's Columbian Exposition to erect a permanent art building near Monroe street, in Grant Park, the building to be owned by the city,

and provided that after the surrender of possession of the building by the exposition the Art Institute should have the right to its use and occupation. The validity of this ordinance is not challenged by either party. The parties, however, differ as to its construction. Appellee contends that this ordinance authorized the erection and use only of the single permanent building therein referred to, and does not authorize the erection of any additional buildings upon any land other than that occupied by the permanent building. Appellants, on the other hand, contend that the ordinance of 1891 should be construed to permit the erection of additions and enlargements to the permanent building to meet the growth of the city and the needs of the Art Institute for a period of from fifty to one hundred years in the future. It is thus apparent that the construction, and not the validity, of this ordinance is involved. It has been held that the statute authorizing direct appeals to the Supreme Court in cases involving the validity of municipal ordinances does not authorize such appeals where only the construction, and not the validity, of the ordinances is involved. *Village of LaGrange Park* v. *Jarecki,* 321 Ill. 177; *Phelps* v. *Board of Appeals,* 325 id. 625; *City of Chicago* v. *Hagley,* 329 id. 635.

Nor can it be said that this direct appeal is authorized on the ground that a freehold is involved. The agreement of January 18, 1928, between the South Park Commissioners and the Art Institute provides that the institute is authorized to erect additions to its museum, but provides that such additions shall be the property of the commissioners. Although the agreement also provides for the necessary use of the land by the institute in connection with the erection of the additions, the institute is given no title to either the land or the additional building but only the use and occupation of such building or buildings. It is clear that this case does not involve a freehold so as to justify a direct appeal to this court.

Aside from the question as to the construction of the Chicago ordinance of 1891, various constitutional questions raised by property owners on Michigan avenue fronting upon Grant Park have heretofore been determined by this court in the various Lake Front cases. (*City of Chicago* v. *Ward*, 169 Ill. 392; *Bliss* v. *Ward*, 198 id. 104; *Ward* v. *Field Museum*, 241 id. 496; *South Park Comrs.* v. *Ward & Co.* 248 id. 299; *McCormick* v. *Chicago Yacht Club*, 331 id. 514; *Stevens Hotel Co.* v. *Chicago Yacht Club*, 339 id. 463.) Where a constitutional question has been previously decided by this court it will not entertain an appeal or writ of error for the purpose of again raising the same question. *People* v. *Fensky*, 290 Ill. 612; *People* v. *Powers*, 283 id. 438.

The record contains no ordinance of the South Park Commissioners relating to the contract dated January 18, 1928, with the Art Institute. Whether any such ordinance or other similar legislation with reference to this contract was ever adopted by the South Park Commissioners, as a municipal corporation, is not disclosed. The record not only fails to include an ordinance the validity of which might have been the proper basis for a direct appeal to this court, but the decree from which this appeal was taken also omits any reference to constitutional questions. Further, the assignment of errors does not present any constitutional question for review. The mere assertion that a constitutional question is involved is not sufficient to give this court jurisdiction. (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633; *Dean* v. *Northern Trust Co.* 259 id. 148.) The record must show that the question of the validity of a statute or municipal ordinance was presented to the trial court for decision. *Opaque Cloth Shade Co.* v. *Veight*, 161 Ill. 337; *Dean* v. *Northern Trust Co. supra.*

No question of any freehold or validity of a municipal ordinance or statute is shown by the record to be involved in this case and none is raised by the decree of the chan-

cellor or by the assignment of errors. This court is therefore without jurisdiction of the appeal, and the cause is ordered transferred to the Appellate Court for the First District. *Cause transferred.*