(No. 21964.—

Marion G. Wilson, Exrx., Defendant in Error, *vs.* Raymond E. Prochnow, Plaintiff in Error.

*Opinion filed October 21, 1933—Rehearing denied Dec. 13, 1933.*

WM. SCOTT STEWART, for plaintiff in error.

THOMAS G. VENT, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant in error, Marion G. Wilson, as executrix of the will of William Garnett, deceased, presented to the probate court of Cook county a statement under oath that plaintiff in error, Raymond E. Prochnow, at the death of the decedent had in his possession bonds belonging to the estate of the decedent; that he had converted to his own use and embezzled other bonds in his possession which were the property of decedent in his lifetime, and that he had refused to deliver to defendant in error the bonds in his possession and the proceeds and value of the bonds converted. A hearing in the probate court resulted in an order that plaintiff in error deliver to the executrix certain bonds and a sum of money equal to the value of other bonds which the court found he had converted to his own use. An appeal was taken to the circuit court of Cook county, where, after a hearing *de novo,* at which both parties were present in person and by counsel, an order and judgment similar to those in the probate court were entered on May 24, 1932, *nunc pro tunc* as of May 23, 1932. As to $10,-000 of bonds, the value of which the probate court had ordered plaintiff in error to pay to the executrix, the circuit court refused to grant the relief sought by the executrix, because it found that as to the proceeds derived from

those bonds the relationship between plaintiff in error and the decedent was debtor and creditor. On June 18, 1932, the circuit court ordered plaintiff in error be committed to jail for failure to comply with the order of May 23, 1932. On March 30, 1933, plaintiff in error filed a verified petition in the nature of writ of error *coram nobis,* asking that the orders of the circuit court in said proceeding be set aside and vacated. An affidavit in opposition to the petition was filed by the executrix and the court denied the prayer of the petition. Plaintiff in error has sued out of this court a writ of error for a review of the record and defendant in error has assigned cross-errors on the record.

It is suggested that this court has jurisdiction because constitutional questions are involved. Various assignments of error attempting to raise constitutional questions are made by plaintiff in error, on only one of which are any cases cited or argument made in his brief. The one constitutional question argued in the brief is that sections 81 and 82 of the Administration act, under the provisions of which these proceedings were instituted, are unconstitutional, in that they attempt to provide a remedy for an executor or administrator for the recovery of property belonging to an estate in the possession of another, in a manner not generally or uniformly applicable to other persons in the same class and to enforce the judgment in a manner not applicable to cases where other persons of the same class are involved.

Assignments of error not argued in the brief of the party making such assignments are waived and will not be considered. (*People* v. *Cobb,* 343 Ill. 78; *People* v. *Brown,* 325 id. 307; *Goff* v. *Gerhart,* 316 id. 513.) This rule applies to assignments of error raising constitutional questions as well as others. (*McMurray* v. *Peabody Coal Co.* 281 Ill. 218.) To warrant a direct appeal to the Supreme Court, the validity, and not merely the construction, of a statute must be involved. (*Sheridan-Brompton Corp.*

v. *Daane,* 348 Ill. 306; *Will* v. *Voliva,* 344 id. 510; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103.) The mere assertion that a constitutional question is involved is not sufficient to raise such question, but such question must exist, must be presented by the case and must be fairly debatable before this court can take appellate jurisdiction on that ground. (*Pennsylvania Tank Line* v. *Jordan,* 341 Ill. 94; *People* v. *Jiras,* 340 id. 208; *People* v. *Forsyth,* 339 id. 381.) Where a constitutional question has been passed upon and settled by this court it will not take jurisdiction of other cases on an assignment of error again raising the same question. *Stevens Hotel Co.* v. *Art Institute,* 342 Ill. 180; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413.

The contention made by plaintiff in error that sections 81 and 82 of the Administration act are unconstitutional is the same contention that was made in *Hansen* v. *Swartz,* 345 Ill. 609, where the question was considered and decided adversely to the position taken by plaintiff in error. He contends that in this case the proceedings authorized by those sections of the Administration act were used to collect a debt, and as applied to the facts of this case the statute was used to give to the executrix a remedy not available to other creditors. We have heretofore construed the provisions of these sections of the Administration act and held that they do not apply in cases where the relationship between the deceased and the defendant was that of debtor and creditor. (*Johnson* v. *Nelson,* 341 Ill. 119.) A question of whether or not the court misapplied the law to the facts of the case or misconstrued the law is not a constitutional question. (*People* v. *Jiras, supra.*) The only assignment of error concerning a constitutional question that is argued does not present any debatable question.

This court has no jurisdiction in this case, and the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*