(No. 22032.— )
ERIC E. HALL, Appellant, *vs.* THE COUNTY OF COOK, Appellee.

*Opinion filed October 21, 1933.*

URBAN A. LAVERY, for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, LOUIS H. GEIMAN, and JACOB SHAMBERG, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellant, Eric E. Hall, (hereinafter referred to as the plaintiff,) filed a petition for writ of *mandamus* in the circuit court of Cook county against the board of commissioners of Cook county, in and by which he sought to mandamus the board of commissioners of the county to audit and allow a claim in the sum of $187,500 which he had filed against the county. An answer was filed by the defendant denying the material allegations of the petition. Subsequently, and during the trial of the cause, the plaintiff, by leave of the court first had and obtained, changed his form of action from *mandamus* to assumpsit and filed his declaration against the county of Cook, appellee herein, (hereinafter referred to as the defendant,) to recover for the same services for which the original suit was instituted. The declaration consisted of a special count and the common counts. The defendant entered its appearance and

filed the plea of general issue. The cause was tried before the court without the intervention of a jury and judgment was entered for the defendant.

The suit is based upon the claim of the plaintiff, as the county architect of Cook county, for services rendered by him for the county in the preparation of certain plans, and work done in connection therewith, for the construction of a stadium, also referred to in the record as a civic auditorium or municipal hall, for the county of Cook. No question is raised as to the sufficiency of the pleadings in the case. No evidence was offered on behalf of the defendant. The issue presented is a purely legal issue as to whether or not, upon the admitted facts in the case, there is any legal liability on the part of the defendant.

This case comes here on direct appeal from the circuit court. At the very outset of the case we are confronted with the question as to whether this court has jurisdiction of this appeal. The record discloses that there is no constitutionality of any statute or the validity of any ordinance or statute involved. No question involving a freehold, revenue or franchise is shown by the record. No error is assigned upon the record purporting to give this court jurisdiction of this appeal. None of the parties to the record have raised the question as to the jurisdiction of this court. However, it is the duty of this court to refuse to take the case where the record shows lack of jurisdiction in this court to pass upon such appeal. *Stevens Hotel Co.* v. *Art Institute,* 342 Ill. 180.

This court is without jurisdiction of the appeal, and the cause is ordered transferred to the Appellate Court for the First District.

*Cause transferred.*