## Putnik Travel & Tourist Agency v. Goldberg

*A. J. Levin*, for plaintiff.

*J. E. Goldberg*, for defendant.

CHUDOFF, J., December 4, 1958. — This matter comes before the court upon defendant's motion for a

protective order under Pa. R. C. P. 4012(*b*), and upon plaintiff's motion for a sanction order under Pa. R. C. P. 4019(*b*). Although these motions were not filed simultaneously, they have been consolidated for the purposes of argument and disposition.

The facts are as follows:

Plaintiff is a corporation engaged in the travel and tourist agency business. Defendant is an individual who, pursuant to a written contract between the parties, became plaintiff's general agent with a business office in New York City, N. Y. In addition to other terms the contract provided, inter alia, that defendant was to receive customer funds and remit same to plaintiff, retaining five percent commission for himself. From about November 1955, until about September 1956, defendant acted as general agent. Thereafter, defendant removed from New York and plaintiff allegedly discovered shortages and discrepancies in its accounts. Plaintiff then filed a complaint in equity for an accounting. Defendant filed an answer denying the allegations that he had appropriated large sums of money which he had collected on plaintiff's account. On September 22, 1958, after due notice, defendant appeared with counsel to have his depositions taken by plaintiff in accordance with Pa. R. C. P. 4007. After answering three questions relating to his identity, defendant, through his counsel, objected to answering any further questions on the ground that his answers might tend to incriminate him. At that time he moved for a protective order upon the same grounds. On November 5, 1958, plaintiff moved the court for a sanction order under Pa. R. C. P. 4019(*b*) for the reason that defendant's refusal to answer was without legal justification.

Initially it is to be noted that it is well settled law in this Commonwealth that the privilege against self-

incrimination may be invoked in civil actions, and that under Pa. R. C. P. 4011 (c) the privilege against self-incrimination may be the basis for refusing to answer questions propounded at oral depositions. The general rule is that matter which is privileged at the trial of the action, and therefore to be excluded from evidence, must be equally excluded from disclosure during the pretrial discovery proceedings. The witness is entitled to the same protection at one stage as at the other: Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500 (1956, C. P. Allegheny County).

Upon examination of the transcript of the oral depositions, the court is clearly of opinion that the privilege had been properly claimed by defendant. Plaintiff contends, however, that even if the privilege has been properly claimed, defendant still is not entitled to invoke the privilege against self-incrimination because any criminal offense that defendant may have committed in connection with plaintiff's claim was committed in the State of New York.

Although the court after thorough search could not find any Pennsylvania decisions relating to this question other jurisdictions have had opportunity to pass upon it. The rule as defined by a great majority of courts in this country is that the protection afforded by our constitutional guarantees against compulsory self-incrimination is confined to the giving of testimony which would tend to subject witnesses to criminal liability or to a penalty within the jurisdiction and under the sovereignty in which the privilege is invoked. Specifically, the more recent cases support the rule that the privilege against self-incrimination does not extend to protect a witness as to matters which may tend to incriminate him under the laws of another jurisdiction: United States v. Murdock, 284 U. S. 141, 76 L. Ed. 210, 52 S. Ct. 63, 82 A. L. R. 1376; Greece

v. Koukouras, 264 Mass. 318, 162 N. E. 345, 59 A. L. R. 891; State v. Thomas, 98 N. C. 599, 4 S. E. 518, 2 Am. St. Rep. 351; Marcello v. United States, 196 F. 2d 437, 38 A. L. R. 2d 246.

There is, however, some authority in support of the view that the constitutional privilege against self-incrimination extends to protect a witness as to matters which may subject him to prosecution in another jurisdiction, particularly where the danger of prosecution in such other jurisdiction is impending rather than remote: Ballman v. Fagin, 200 U. S. 186, 50 L. Ed. 433, 26 S. Ct. 212, 82 A. L. R. 1382 and 1383.

The court, after a study of all the aforesaid cases, feels that the proper view is the holding in the case of Ballman v. Fagin, supra. In the Rosenbaum case, hereinbefore cited, in which a similar question was raised, it was held that defendant's motion for a protective order under Pa. R. C. P. 4011 (c) on the ground of the privilege of self-incrimination will be granted, *even though the statute of limitations on the purported crime has expired.* The court said, at page 503:

"Although there are decisions in the Federal courts which hold that a witness cannot assert that privilege against self-incrimination if the statute of limitations has barred a prosecution, in this Commonwealth, the case of McFadden v. Reynolds, 20 W. N. C. 312, containing the only holding on this question, has never been overruled. In that case the Supreme Court of Pennsylvania held that a witness is protected against incriminating himself in such a manner as to protect himself, even though the statute of limitations would bar a prosecution, since the witness would nonetheless have to undergo the trouble and expense of counsel in order to impose such a defense. . . ."

From a reading of the transcript of defendant's depositions, it is just as likely as not that the crime of which plaintiff complains could have occurred in

Pennsylvania rather than in New York. Because of the existence of such a possibiilty the court cannot take judicial notice of that which plaintiff asks the court to do, namely, that the crime, if any, occurred within the State of New York, nor has the court the right to assume that the crime alleged to have been perpetrated was perpetrated in one jurisdiction and not in the other. The law is very clear that a court will only take judicial notice of a matter of common knowledge: Wood's Estate, 272 Pa. 8 (1922). In Pierson v. London, 102 Pa. Superior Ct. 176 (1930), the court said, on page 182:

"Judicial notice is taken of what is within the knowledge of most men. The test has been said to be: is the fact one of common everyday knowledge, which every one of average intelligence and knowledge of things about him can be presumed to know? See 23 C. J. page 61, Sec. 1810 and cases there cited. . . ."

Under all the surrounding circumstances, the court believes that there exists a strong doubt not only as to whether any crime has been committed by defendant, but even if one has been committed, neither the pleadings nor depositions taken by plaintiff reveal in what jurisdiction the alleged crime could have occurred. Accordingly, plaintiff being the party who has alleged the commission of a crime, the burden of showing that one has been committed and in which jurisdiction the commission took place rests solely upon plaintiff. This burden has not been met. Nothing appears in the record to date to indicate that which plaintiff alleges in his complaint and which is denied by defendant in his answer.

The court, therefore, must resolve any existing doubt in favor of defendant. The following order is hereby entered.

*Order*

And now, to wit, December 4, 1958, plaintiff's motion for sanction under Pa. R. C. P. 4019(*b*) is denied. Defendant's motion for protective order under Pa. R. C. P. 4012(*b*) is granted.